Benson, J.
I am of opinion, that with a view to the question of damages, the defendant ought to have been permitted to show licentious conduct in the plaintiff, and her general character as to sobriety and virtue, without any limitation of time. The object of this action is not merely a com- ' pensation for the immediate injury sustained, but damages for the loss of reputation.' This must necessarily depend • *141 on the general conduct of the party *subsequent [*118] to, as well as previous to the injury complained of, and the damages to be recovered, as in actions for defamation, ought to be regulated by all the circumstances of the case. The proof of reputation cannot depend on time ; it is a question which is general in its nature, and the inquiry respecting it, when material, must be general.(a)
Kadcliff, J., Kent, J. and Lewis, J. concurred.

 The doctrine of this case is affirmed in Willard v. Stone, 7 Cowen, 22. See Palmer v. Andrews, 7 Wend. 142, and also, Boynton v. Kellogg, 3 Mass. R. 189. In this case, Sedgwick, J. decided : 1. That if the woman was of bad character at the time of the contract, and that was unknown to the defendant, the verdict ought to be in his favor: 2. That if the plaintiff after the promise, had prostituted her person to any person other than the defendant, she thereby discharged the defendant: 3. That if her conduct was improperly indelicate, although not criminal before the promise, and it was unknown to the defendant, it ought to be considered in mitigation of damages : 4. That, if such was her conduct after the promise, it was proper in the same view for the consideration of the jury.