ANNA M. THORN, Respondent, *v.* AARON W. KNAPP, Appellant.

In an action upon a breach of promise to marry, the fact that the defendant has alleged the unchastity of the plaintiff, in his answer, by way of justification, which allegation he has failed to prove, may be considered by the jury in aggravation of damages.

Although the form of the action is assumpsit, it is and always has been, as to the measure of damages, classed with actions for torts; and, as it is competent to inquire into the motives and intentions of the defendant, and to prove any facts relating to the transaction, to show that the act complained of was done wantonly and maliciously, to enhance the damages, the act of spreading upon the record in his answer a calumnious charge, which he fails to prove, may properly be considered.

So, on the other hand, the *animus* with which the contract is broken being material, it is competent for the defendant to prove, in mitigation of damages, any facts showing that his motive was not bad and his conduct neither cruel nor malicious.

(Argued April 1st, 1870; decided June 24th, 1870.)

APPEAL from a judgment of the General Term of the Supreme Court, in the second judicial district, affirming a judgment entered upon a verdict of $4,000 in favor of the plaintiff.

The action was to recover damages for the breach of a contract to marry.

The answer alleged, by way of defence, the unchastity of the plaintiff.

There was no proof to sustain this allegation; and the jury were instructed, by the charge of the justice before whom the cause was tried, that: "Where a defendant in his answer, as in this case, attempts to justify his breach of promise of marriage by stating therein, and thus placing upon the record, as the cause of his desertion of the plaintiff, that she has had criminal intercourse with various persons, and fails to prove it, the jury have a right to take this circumstance into consideration in aggravation of the damages to which the plaintiff may be entitled."

To this charge the defendant excepted.

*John Thompson,* for the appellant.

*Homer A. Nelson,* for the respondent.

EARL, Ch. J.   The defendant, in his answer, alleged that, at the time of the alleged promise of marriage, " the plaintiff was a common prostitute, and still is so, and was then, and still is of a bad character, and was, and is an unchaste woman, and had, and  has  illicit  intercourse with  various  persons." On the trial, the defendant did not attempt to prove any of these allegations; and the court, in the charge to the jury, among other things, charged as follows : " Where a defend ant, in his answer, attempts to justify his breach of promise of marriage by stating therein, and thus placing upon the record, as the cause of his desertion of the plaintiff, that she has had criminal intercourse with various persons, and fails to prove it, the jury have a right to take this circumstance into con- sideration, in aggravation of the damages to which the plain- tiff may be entitled."   The only question we are called upon to consider, arises upon the exception to this charge.

In *Southard* v. *Rexford* (6 Cowen, 254), the action was for breach of promise of marriage.   The defendant, with the general issue, gave notice that he would prove in his defence, that the plaintiff had, at various times, and with various persons, specifying them, committed fornication after the alleged promise.   He attempted, at the trial, to prove this branch of his defence, but failed.   On the question of dama- ges, the judge charged : " That in cases of this kind, the dama- ges are always in the discretion of the jury; and in fixing the amount, they have a right to take into consideration the nature of the defence set up by the defendant; that in his defence, he had attempted to excuse his abandonment of the plaintiff, on the ground that she was unchaste and had com- mitted fornication with different individuals.   But it appeared, from the testimony of his own witnesses, that her character in that respect had not been tarnished, even by the breath of suspicion; that with such a defence on the record, a ver-

dict for nominal or trifling damages might be worse for her reputation than a general verdict for defendant; that, if the defendant had won her affections and promised her marriage, and had not only deserted her without cause, but had also spread this defence upon the record, for the purpose of destroying her character, the jury would be justified in giving exemplary damages." The plaintiff recovered, and the Supreme Court held this charge to be correct. Judge SUTH-ERLAND, writing the opinion of the court, says: "Where the defendant attempts to justify his breach of promise of marriage, by stating upon the record, as the cause of his desertion of the plaintiff, that she had repeatedly had criminal intercourse with various persons, and fails entirely in proving it, this is a circumstance which ought to aggravate the damages. A verdict for nominal or trifling damages, under such circumstances, would be fatal to the character of the plaintiff; and it would be matter of regret, indeed, if a check upon a license of this description did not exist, in the power of the jury to take it into consideration in aggravation of damages." This case was decided in 1826, and, so far as I can discover, has never been questioned. In Parsons on Cont., 551, the author says: "If the defendant has undertaken to rest his defence, in whole, or in part, on the general bad character, or the criminal conduct of the plaintiff, and fail altogether in the proof, it has been distinctly held, that the jury may consider this in aggravation of damages," and he refers to the case of *Southard* v. *Rexford* as his authority.

The case of *Southard* v. *Rexford* is also cited with approval by Judge INGRAHAM in *Kniffin* v. *McConnell* (30 N. Y., 285). That was an action to recover damages for breach of promise of marriage. The defendant, under a general denial, offered, in mitigation of damages, and was allowed to give, some evidence tending to show acts of improper and lewd conduct on the part of the plaintiff, for the purpose of proving criminal intercourse with other men. The presiding judge, among other things, charged the jury that, if the defendant had attempted to prove plaintiff guilty of misconduct with

other men, of which he knew she was not guilty, it aggravated the damages. Judge INGRAHAM, writing the opinion, recognizes and approves the rule laid down in *Southard* v. *Rexford*. But, while he holds that it is an aggravation of the damages to place such allegations upon the record, he reaches the conclusion that it is not an aggravation of the damages to offer proof of such allegations, when they are not spread upon the record in the answer. A majority of the court, however, differed with him, and held that it was an aggravation of the damages even to offer and attempt the proof of such allegations in mitigation of damages, without setting them up in the answer. It does not appear that any member of the court departed from the doctrine laid down in *Southard* v. *Rexford*. That case must be regarded as an affirmance of that doctrine, as it cannot be perceived how the offer of the proof can be any more an aggravation of the damages than to put the same matter deliberately in the answer, forever to remain among the records of the court. Hence, if we rested entirely upon authority, we should be obliged to hold that the charge was right. But the charge can also be sustained upon principle and analogy. The general rule as to actions upon contracts is, that the plaintiff can only recover a compensation for the damages he has sustained by the breach of the defendant, and exemplary or punitory damages are not allowed. To this rule an action for breach of contract of marriage is an exception, and, so far as I can now call to mind, the only exception. As to the measure of damages, this action has always been classed with actions of torts; as libel, slander, seduction, criminal conversation, &c. (*Wells* v. *Padgett*, 8 Barb., 323; *Johnson* v. *Jenkins*, 24 N. Y., 252; Sedgwick on Damages, 368; *Burns* v. *Buck*, 1 Lansing, 268); and not without reason. It is the policy of the law to encourage matrimony, and society has an interest in contracts of marriage both before and after they are consummated. A man who enters into a contract of marriage with improper motives, and then ruthlessly and unjustifiably breaks it off, does a wrong to the

woman, and also, in a more remote sense, to society, and he needs to be punished in the interest of society, as well as the man who commits a tort under circumstances showing a bad heart. The rule of damages applicable to ordinary contracts would be wholly inadequate. So much depends in each case upon the circumstances surrounding it, and upon the conduct, standing and character of the parties. In all cases where vindictive damages are allowed, it is upon the theory that the defendant's conduct has been such that he deserves to be punished; and with the view of measuring out punishment to him, as well as compensation to the plaintiff, it is always competent to inquire into his motives and intentions; to show that the act complained of was done wantonly, insolently, maliciously or with a bad and wicked heart. In such actions it is not only proper to show the main transaction, but any facts bearing upon or relating to it, showing that it was done wantonly, maliciously and wickedly, with the view of enhancing the damages. It is upon this theory, that, in an action of slander, the plaintiff is permitted to prove the repetition of the slanderous words subsequent to the time alleged in the complaint, even down to the trial. This proof is allowed, not to sustain the action, and not for the purpose of recovering damages for the words thus repeated, but solely for the purpose of proving the malice which prompted the utterance of the words counted on, and thus bearing upon the damages to be allowed on account of them. And so if, instead of repeating the slanderous words orally, they are repeated by being set up as a justification or in mitigation in the answer, and thus placed upon the records of the court, and the defendant fails to prove them, for precisely the same reason and upon the same theory, the damages may be enhanced. So in an action for breach of promise of marriage, it is always competent, for the purpose of enhancing the damages, to prove the motives that actuated the defendant; that he entered into the contract and broke it with bad motives and a wicked heart; and it is competent for him to prove, in mitigation of damages, that his motives were not bad, and that his conduct

was neither cruel nor malicious. In the case of *Johnson* v. *Jenkins* (24 N. Y., 252), it was held competent, in mitigation of damages, for the defendant to prove that, when asked by the plaintiff why he had discontinued his visits to her, he declared that his affection and regard for her were undiminished, but that he could not marry her, because his parents were so violently opposed to the match. Judge Allen, writing the opinion of the court, says: "Every circumstance attending the breaking off of the engagement becomes a part of the *res gestæ*. The reasons which were operative and influential with the defendant are material, so far as they can be ascertained; and whether they are such as, tending to show a willingness to trifle with the contract and with the rights of the plaintiff, should enhance the damages, or, on the contrary, showing a motive consistent with any just appreciation of, and regard for his duties, should confine the damages within the limit of a just compensation, will always be for the jury to determine." "Had the defendant, by his declarations, shown a wicked mind in the transaction, it is evident that they very properly would have been submitted to the jury further to enhance the damages." Suppose he had told the plaintiff, at any time before the trial of the action, that he had discontinued his visits and broken the contract because she was a prostitute; could she not, upon the same principles, have proved this in enhancement of damages? No damages could be allowed for defaming her by the utterance of these words; but they could be proved as showing the *mind* with which the contract was broken, and as thus bearing upon the damages to be allowed for that. So if this language, instead of being uttered orally, is placed upon the record in the answer, for the same reason and upon precisely the same principle, if the defendant fails to prove it and it thus turns out to be untrue, it may be taken into consideration by the jury in aggravation of the damages. I therefore conclude, upon principle as well as upon authority, that the charge excepted to was free from error, and the judgment should be affirmed.

E. Darwin Smith, J. .The verdict of the jury establishes the making and breach of the contract of marriage; and, there being no exception to the charge upon the merits, we must assume that the same was, in every respect, proper and satisfactory to the parties, except upon the single point relating to the damages, upon which there was taken a specific exception. The defendant had, in his answer, spread upon the record as a defence to the action, that the plaintiff, at the time of the making of the said alleged promise of marriage was, and still was, a common prostitute, and then, and still was of bad character, an unchaste woman, and had, and has illicit intercourse with various persons. This is a very serious, and, if untrue and unfounded, a most wanton and wicked charge. And yet, if the defendant had promised to marry the plaintiff, and was, at the time, in entire ignorance of her true character, it was a defence to the action, if proved, and would justify his refusal to perform his contract with her; otherwise, it was simply a matter in mitigation of damages.

The charge appears to have been entirely unproved at the trial, and it does not distinctly appear whether proof of it was, or was not attempted; but the defendant would clearly have been entitled to prove it, if he had been able to do so. In the absence of such proof, therefore, of this most injurious and calumnious charge, made upon the record against this plaintiff, the question for the decision of this court is, whether the jury were entitled to consider the fact that such charge had been made, and thus spread upon the record, and whether the judge might properly suggest to them that they had a right to take this circumstance into consideration, in aggravation of the damages to which the plaintiff was entitled. The case of *Southard* v. *Rexford* (6 Cowen), is an express authority in favor of the correctness of the charge made by the learned circuit judge. This case was tried by the late Chancellor Walworth, then one of the circuit judges, who instructed the jury in a like case, that, in cases of this kind, the damages are always in the discretion of the jury, and in fixing the amount, they have a right to take into consideration the

nature of the defence set up by the defendant; that, in his defence, he had sought to excuse his abandonment of the plaintiff, on the ground that she was unchaste; that, with such a defence on the record, a verdict for nominal damages might be worse than a general verdict for the defendant and that, where such a defence was spread upon the record for the purpose of destroying her character, the jury would be justified in giving exemplary damages." The court in bank, upon a motion for a new trial, affirmed this ruling at the circuit, Judge SUTHERLAND saying: " That where the defendant attempts to justify his breach of his promise of marriage, by stating upon the record, as the cause of his desertion, that she had had criminal intercourse with various persons, and fails entirely in proving it, this is a circumstance which ought to aggravate the damages." This court, also, in *Kniffin* v. *McConnell* (30 N. Y., 288), has substantially approved of this case of *Southard* v. *Rexford*, and affirmed this same rule, in respect to the question of damages in actions of this kind. In this case of *Kniffin* v. *McConnell*, the allegation of unchastity on the part of the plaintiff was not set up in the answer, and proof of it was not, for that reason, admitted as a defence at the trial; but the proof tending to establish such fact was admitted in mitigation of damages.

The proof having been thus received, the circuit judge, in his charge to the jury, among other things, said to them in respect to such proof, that " if the defendant had come into court and attempted to prove her guilty of misconduct with other men, of which he knew she was not guilty, or when the misconduct was committed with himself, it aggravates the injury and aggravates the claim to damages." That case was tried by me at the circuit, and this charge was made upon the principle that the jury, in such cases, were entitled, when they found the contract of marriage made and broken, to take into consideration all the facts and circumstances of the case, and the conduct of both parties toward each other, and particularly the conduct of the defendant, in his whole intercourse

with, and treatment of the plaintiff, in connection with the
making and breach of the contract, and afterward up to and
including the defence and trial of the action; and that,
among other facts, it was a legitimate subject for their con-
sideration, if the fact was so, that he not only had abandoned
her and trifled with her affections, but had sought to disgrace
her and ruin her character. This court virtually adopted the
same view of the case. In the opinion of Judge INGRAHAM,
who gave the opinion of the court, he assented to the cor-
rectness of the rule on this subject as asserted in *Southard* v.
*Rexford*, and only doubted the correctness of the charge on
the ground that the proofs were not given to sustain any alle-
gation upon the record. He says, referring to that case:
" The rule is undoubtedly founded upon the fact, that the justi-
fication is placed upon the record, and that it will ever remain
there as a reiteration of the charge against the plaintiff; and
with such an answer on the record, a trifling verdict would
show that such charge was not unfounded. The same rule
applies in actions of libel and slander; but I have not seen
any case where the rule has been extended beyond a justifica-
tion on the record;" and, further, he says : " Certainly the rule
should be extended no further than the case of *Southard* v.
*Rexford* has carried it, and when it is not made part of the
record." Although the proof in that case had been given and
received for the benefit and at the instance of the defendant,
and in mitigation of damages, and against the plaintiff's
objection and exception, yet, because there was no allegation
on the record to warrant it, the learned judge thought the
defendant's exception to the charge relating to such proof a
valid one, for the simple reason that the allegation to warrant
it was not upon the record. A majority of the court differed
with him on that point; but the case, upon the view of the
learned judge himself, is entirely in point in favor of the
instructions given by the judge, at the circuit, in this
case.   These cases rest upon the principle which, I think,
is well established in this State : that the action for
the breach of the contract of marriage, though in form of

an action of assumpsit, is, in fact, and always has been since it was sustained at common law, in respect to this question of damages, really in the nature of an action for a tort. Damages in this action have never been limited to the simple rule governing actions upon simple contracts for the payment of money. This court asserted a different rule in the case of *Johnson* v. *Jenkins* (24 N. Y., 252). In this case, which was an action like this, for a breach of promise to marry, the judge at the circuit had charged, that the action was of a class of cases for which the law allows what are called aggravated damages, that is damages beyond, and in no way measured by, any proof of actual pecuniary loss or injury." Judge ALLEN said, in respect to this charge : " By this, I understand that the jury was told, that in this class of actions, as in libel, slander, seduction, criminal conversation, etc., they are at liberty to give what are termed punitive damages, as distinguished from compensatory damages ; " and referred to the case of *Hunt* v. *Burnet* (19 N. Y., 173), and to *Keczeler* v. *Thompson*, therein referred to and affirmed. The learned judge also said : " That damages in this class of cases may be enhanced by such facts and circumstances as aggravated the injury itself, as adding to the indignity and contumely, increasing mental agony, and bringing public disgrace and consequent loss of reputation upon the injured party." This rule clearly covers and justifies the charge given in this case. I think the charge entirely correct, and that the judgment below should be affirmed.

All concur for affirmance. Judgment affirmed.