By the Court.
Sedgwick, Ch. J.
The defendant, after his promise to marry the plaintiff, married another lady. When he was upon the stand as a witness, plaintiff’s counsel asked him. “And your wife had how large a fortune ? ” Against objection, the question was allowed upon two grounds ; first, as showing or tending to show a motive for the defendant’s breach of promise, and second, as tending to show the social and financial condition of the contracting parties. The fact asked for, evidently, was not circumstantial evidence as to the occurrence of the breach, or as to the social condition of the parties, apart from its tending to show such pecuniary condition of defendant, as would result from his wife having a fortune.
Facts not relevant in themselves, are sometimes received in evidence, when the testimony given by opposing parties as to the existence of a material fact, is contradictory. Thus the credibility of the differing witnesses enters into the conflict, as a circumstance. Motive may be shown, as impelling the parties to do or not to do, the thing in dispute.
In this case, the fortune of the wife had nothing to do with the promise, and was not necessary to determine the character of any contradictory testimony as to the breach; for the fact of the defendant’s marriage was conclusive proof of that. As tending to show the financial condition of the defendant, apart from the consideration that his wife’s means would not increase his own property, it was inadmissible, under the case of Kniffen v. *279 McConnell (30 N. Y. 289), which declares that evidence as to the defendant’s property “should be confined to general reputation as to the circumstances of the defendant.” There were several exceptions to the court’s refusals to charge that certain acts and declarations of the defendant which the requests assumed occurred after the breach, and were considerate or respectful to the plaintiff, might be taken by the jury in mitigation and reduction of damages, or in estimating the damages, by way of compensation. As there must be a new trial, it will not be necessary to consider these exceptions in detail. The court charged that the actions and declarations of the kind alluded to, that occurred before the breach, might be considered by the jury in assessing the damages. Practically, the limitation by thé court did not injure the defendant, for the testimony did not disclose that anything was said or done by the defendant after the breach which would have affected the plaintiff’s damages. It may for the purposes of a new trial, be well to say, that attention should be given to the opinion in Thorn v. Knapp (42 N. Y. 474), to the effect “that the jury in such cases, were entitled, when they found the contract of marriage made and broken, to take into consideration all the facts and circumstances of the case, and the conduct of both parties to each other, and particularly the conduct of the defendant in his whole intercourse with and treatment of the plaintiff, in connection with the making and breach of the contract, and afterwards up to and including the defense and trial of the action.” This was said in respect of a charge, that the defendant’s conduct up to and on the trial, might be considered in aggravation of damages. Kniffen v. McConnell, that has been already cited, had a like reference. Additional considerations have to be entertained as respects the mitigation of damages by the acts and declarations of the defendant, which do not pertain to any act or declaration given in evidence by the plaintiff to increase the damages. Whatever, of course, determines what the injury was or will be, cr tends to show what compensation should be given, or *280 what if any, should be exemplary damages, is relevant, if it appear to .the jury, up to the time of the assessment of damages.' If, as matter of fact, any thing done by the defendant would tend to show that the damages should not be so great, as from the other facts in the case it might seem to the jury that they should bé, it should be allowed in evidence. The point would be to determine that it had such a tendency, under the facts of the particular case. This is to be applied to declarations. It is difficult to imagine, that the declarations of defendant, not part of the res gestee, are competent in his own favor, or that it would have any tendency to limit the damages. There may possibly be such a case. It is not necessary to ascertain, if it could be ascertained, that the facts on the new trial will or will not permit the declarations of the defendant after the breach, to be given in evidence, by himself, as pertinent to the matter of damages.
Judgment reversed, new trial ordered, with costs to abide the event.
Tbttax, J., concurred.