THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v*.
JOHN H. SWEENEY, Appellant.

Upon the trial of an indictment for grand larceny, the court, after charging that the defendant was presumed to be innocent until the contrary was proved, and, in case of a reasonable doubt that he was entitled to an acquittal, at the request of the defendant's counsel charged, in substance, that proof of good character in a doubtful case would turn the scale and that it will outweigh evidence which might otherwise appear conclusive. The court then charged at the request of the prosecution that if the crime charged had been proved to the satisfaction of the jury beyond a reasonable doubt, any good character of the defense would not avail. *Held*, no error; that the charge did not remove from the consideration of the jury evidence of good character.

*Remsen* v. *People* (43 N. Y. 6), distinguished.

(Argued April 20, 1892; decided May 3, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made February 3, 1891, which affirmed a judgment of the Jefferson County Court of Sessions convicting the defendant of the crime of grand larceny in the first degree and affirmed an order of that court denying a motion for a new trial.

The following is the opinion in full :

" The defendant was convicted of grand larceny in the first degree in obtaining by certain false pretences the sum of seven thousand and forty dollars from the prosecutor. The pretences by which the money was secured from the prosecutor were fully set forth in the indictment and they furnish cause for amazement that any grown man of intelligence sufficient to have acquired a substantial amount of property should have been deceived by them. There is, however, no dispute upon that portion of the case, and no claim is made that the prosecutor did not in fact part with his money upon the belief that the story told him was actually true.

" The defense set up was that the prosecutor was mistaken as to the identity of the person who obtained his property and that the defendant was not the man and had nothing to do with it, but on the contrary it is claimed that he was at the time of the occurrence over five hundred miles away in the

village of Clyde in the state of Ohio. This was testified to by the defendant and his wife, and certain witnesses who resided in Clyde were examined on his behalf on that point by commission and gave evidence which tended, as is claimed, to confirm his story. Certain witnesses from Clyde also gave evidence as to the good character of the defendant.

"The chief and only important exception was taken to the charge of the judge, made upon the request of the district attorney as to the effect. of this evidence of good character. The judge had made the usual charge that the defendant was presumed innocent until the contrary was proved, and in case of a reasonable doubt whether his guilt had been satisfactorily shown, he was entitled to acquittal. In response to requests from defendant's counsel the judge had then charged that proof of good character raises the question whether a man who has it is likely to commit the crime charged, and in a doubtful case where the evidence hangs even, character would turn it; that evidence that a man had a good character for morality and honesty will actually outweigh evidence which might otherwise appear conclusive; that the jury must decide the case on the evidence, and not upon speculation or the theory of counsel on either side. Thereupon the district attorney asked the judge to charge that if the crime charged in the indictment had been conclusively proven to the satisfaction of the jury beyond a reasonable doubt, that in that case any good character of the defense does not avail him, and the court so charged. This charge did not remove from the consideration of the jury the evidence of good character upon the question of the guilt of the defendant. It did not mean that if from the evidence in the case other than that pertaining to good character the jury should conclude him guilty, then the evidence upon the subject of character was not to be considered and could be of no avail to defendant. If such a construction were possible or even plausible when considered alone, yet the language of the judge in response to the requests from the defendant's counsel must be looked at and due weight given it. It had not been withdrawn and the effect of the language under discussion was not to withdraw the previous charge from the consideration of the jury. Taken altogether the charge-

plainly means that if upon the whole evidence, that of good character among the rest, the jury regard the crime conclusively proven to their satisfaction beyond a reasonable doubt, then the good character furnishes no defense and can be of no avail to defendant. The construction contended for by counsel for the defendant would neutralize and fully withdraw the charge which the judge had just made that good character for morality and honesty would actually outweigh evidence which might otherwise appear conclusive.

" This is not like the case of *Remsen* v. *People* (43 N. Y. 6), for in that case the court charged that it was only in doubtful cases, where there was a well-reasoned doubt logically arrived at on the part of the jury, arising out of all the evidence, that evidence of good character steps in. This was held error, as it in substance took from the jury the consideration of the evidence of good character when looking at the other evidence in the case upon the subject of defendant's guilt, and only allowed it to be considered, when in truth by the existence of a well-reasoned doubt, the defendant was entitled to an acquittal without it.

" On a fair construction of the whole charge the law was properly laid down in accordance with the principles announced in the *Remsen* case, and since that time steadily maintained in this state.

" We have carefully considered the various other exceptions argued by counsel, and upon his brief, and conclude that none is available.

" The judgment should be affirmed."

*W. F. Porter* for appellant.

*F. H. Peck* for respondent.

PECKHAM, J., reads for affirmance.
All concur.
Judgment affirmed.