Elizabeth McKane, an Infant, by Maria McKane, Her Guardian ad Litem, Respondent, *v.* Leslie Howard, Appellant.

**Evidence — action for breach of promise of marriage — unchastity of plaintiff as a defense — testimony as to plaintiff's good reputation not admissible to refute specific charges and evidence of plaintiff's unchastity.**

1. In an action for a breach of promise of marriage, the proposition that illicit intercourse of the plaintiff, prior to the promise, and then unknown to the defendant, or subsequent to the promise, with another than the defendant, is a defense to the action, is fundamental and established beyond the reach of discussion.

2. The introduction by the defendant, in an action for a breach of promise of marriage, of testimony supporting the pleaded defense that the plaintiff had committed fornication with a person or persons other than the defendant, does not invest the plaintiff with the right to introduce testimony that her reputation for chastity was good. Such testimony did not prove or tend to prove that she was not guilty of each act testified to by the defendant's witnesses and was inadmissible for that purpose.

*McKane* v. *Howard*, 138 App. Div. 680, reversed.

(Argued February 17, 1911; decided May 16, 1911.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 19, 1910, affirming a judgment in favor of plaintiff entered upon a verdict.

The action is to recover the damages sustained by plain-

tiff through the alleged breach by defendant of a contract between the parties to intermarry.

The complaint alleged the contract, its breach by defendant and that plaintiff subsequent to the making of it and confiding in it entered into illicit relations with defendant, by reason of which she gave birth to a child. The answer denied those allegations and averred as a defense that the plaintiff prior to the alleged contract had sexual intercourse with divers men other than defendant of which the defendant was ignorant at the time of the alleged promise to marry the plaintiff. At the trial the plaintiff offered, as a part of her case, testimony that her reputation for chastity in the community in which she lived was good, to which the defendant objected as immaterial and inadmissible. The court refused the testimony and said: "Presumptively it is good until the contrary is shown and when they attack it, it seems to me that that is the time to establish her character." The defendant introduced testimony tending to support his denials and also his defense. The plaintiff, in rebuttal, offered testimony that the reputation of plaintiff for chastity was good and it was admitted under the objection of the defendant that it was immaterial, irrelevant and inadmissible under the pleadings, the court stating as the ground for the ruling that the plaintiff's character was in issue and the testimony of defendant's witnesses tending to show as a defense several instances of unchastity on the part of the plaintiff was the introduction of proof of her bad character, and consequently she could respond with proof of her virtuous character. The court charged the jury that if the plaintiff prior to the alleged contract was an unchaste woman, that was an absolute defense to this action.

*G. H. Main* for appellant. The court erred in receiving evidence of plaintiff's good reputation for truth and chastity. (*Houghtaling* v. *Kilderhouse,* 1 N. Y. 530;

*Pratt* v. *Andrews,* 4 N. Y. 493; *Bracy* v. *Kibbe,* 31 Barb.
273; *Young* v. *Johnson,* 123 N. Y. 226; *Shaeffer* v.
*Oppenheimer,* 9 N. Y. S. R. 688; *People* v. *Hulse,* 3 Hill,
309; *People* v. *Gay,* 7 N. Y. 378.) The trial court erred
in admitting evidence to the effect that defendant
deprived her of her bastard child. (*Carlson* v. *Winter-
son,* 147 N. Y. 652; *People* v. *Fielding,* 158 N. Y. 542.)

*R. M. Moore* for respondent. The evidence of plain-
tiff's good reputation was competent. (*People* v. *Rector,*
19 Wend. 569; *People* v. *Halse,* 3 Hill, 309; *Pratt* v.
*Andrews,* 4 N. Y. 495; *Lohman* v. *People,* 1 N. Y.
379; *Inman* v. *Foster,* 8 Wend. 602; *Bowerman* v.
*Bowerman,* 66 Hun, 46; *People* v. *Van Gaasbeck,* 189.
N. Y. 408.)

Collin, J. The trial justice declined to admit, as a
part of the plaintiff's case, testimony that her reputation
for chastity was good, and that ruling became the law
for that trial. The prominent question presented for our
determination by the record is: Does the introduction by
the defendant, in an action for a breach of a promise of
marriage, of testimony supporting the pleaded defense
that the plaintiff had committed fornication with a person
or persons other than the defendant, invest the plaintiff
with the right to introduce testimony that the reputation
of the plaintiff for chastity was good? Neither the briefs
of counsel nor our investigation enable us to cite a
decision of any court of this state (other than those ren-
dered by the courts below in this action) treating the
question, and the conflict of the authorities of other
jurisdictions indicates that it is perplexing as well as
interesting.

The proposition that illicit intercourse of the plaintiff,
prior to the promise and then unknown to the defendant,
or subsequent to the promise, with another than the
defendant is a defense to the action is fundamental and

established beyond the reach of discussion. The law, through implication, reads into the promise of either party to the engagement the representation of chastity and physical qualification for the relation, which, if false or a misrepresentation, constitutes a fraud vitiating the whole contract. (*Boynton* v. *Kellogg*, 3 Mass. 188; *Palmer* v. *Andrews*, 7 Wend. 142; *Kniffen* v. *McConnell*, 30 N. Y. 285; *Goddard* v. *Westcott*, 82 Mich. 180; *Budd* v. *Crea*, 6 N. J. L. 370.) It is in this respect impartial between the sexes. In *Baddely* v. *Mortlock* (1 Holt, 151), an action for breach of promise of marriage, the woman was the defendant and it was held: "If a woman improvidently promise to marry a man, who turns out upon inquiry to be of bad character, she is not bound to perform her promise. But she must show that the plaintiff is a man of bad character. The accusation is not enough."

The defendant in the action at bar was clearly within his legal rights when he pleaded as a defense the particular acts of fornication on the part of the plaintiff with others prior to his alleged promise. His promise of marriage, if made, was simply entering into a contract with the plaintiff, and he was not bound to fulfill it in case it was nullified by the condition or acts of the plaintiff. His defense that plaintiff was unchaste when she received his promise, given in ignorance of that fact, was legitimate even as would have been the defense, if alleged, that she obtained the promise through express fraud or was insane or diseased, or malformed or impotent. It attacked her cause of action at its core, and if found proven by the jury defeated it precisely as would have the establishing of either of those defenses. It tendered an issue of fact to be met by plaintiff in the ordinary way of producing evidence refuting or avoiding it. The testimony of her witnesses that her reputation was good was not such evidence. It did not meet or respond to the issue. It did not prove or tend to prove that she was not guilty of each illicit act testified to by the defendant's witnesses. In

rebutting or repelling the defense it had no place and for such purpose was immaterial, irrelevant and inadmissible. While it may reasonably be argued that testimony as to the reputation of plaintiff might be a ground for an inference as to whether or not she did the acts charged, the law has been from the earliest period that such testimony was inadmissible for that purpose. (*Fowler* v. *Ætna Fire Ins. Co.*, 6 Cow. 673; *Gough* v. *St. John*, 16 Wend. 646; *Humphrey* v. *Humphrey*, 7 Conn. 116; *Am. F. Ins. Co.* v. *Hazen*, 110 Penn. St. 530.) In 1 Greenleaf on Evidence (16th ed.), at page 40, it is said: "Because of the usual slight probative value of a party's character, and of its confusion of issues to little purpose, and for other reasons variously stated by different judges and not easy to disentangle or define, it has come to be generally accepted that the character of a party in a civil cause cannot be looked to as evidence that he did or did not do an act charged." In criminal cases evidence may be given by the accused to show such traits of character as tend to afford a presumption that he would not have committed the crime charged. (*Cancemi* v. *People*, 16 N. Y. 501; *People* v. *Sweeney*, 133 N. Y. 609; *Stover* v. *People*, 56 N. Y. 315.)

The testimony was received, however, by the trial court upon the ground that the character of the plaintiff was in issue, and the defendant, in the testimony that she had been guilty of several instances of unchastity, introduced proof of her bad character, and consequently she could respond with proof of her virtuous character; that she was seeking to recover as a part of the damages to be awarded her those suffered through the loss of character resulting from the breach of promise, seduction and consequent pregnancy.

While the action is for a breach of contract, the plaintiff is entitled to damages upon principles more commonly applicable in actions of tort. The jury in awarding them must look beyond the contract, which does not fix or measure them. The law authorizes indemnity to the

plaintiff for all the injuries the bad faith of the defendant has worked and deems a just part thereof the injury to her reputation or character and to her feelings. As to the measure of damages, the action has always been classed with actions of tort, as libel, slander, seduction, criminal conversation, etc. (*Thorn* v. *Knapp*, 42 N. Y. 474; *Johnston* v. *Caulkins*, 1 Johns. Cas. 116.) The general character of a plaintiff must be taken into consideration in estimating her damages. The jury might justly and with good sense find that the mental suffering or loss of character of a licentious or bad woman was less than that of a virtuous and good woman. The general character of the plaintiff was, therefore, a subject of proof on the part of the parties and of consideration on the part of the jury, and if the defendant did in and through the testimony adverted to give evidence in proof that the general character of the plaintiff for chastity was bad, the court ruled correctly in admitting the testimony of the witnesses of the plaintiff that it was good. But the evidence introduced by defendant was not of that nature or effect. He did present testimony tending to show specific instances of fornication on the part of the plaintiff, which instances he had pleaded as facts constituting a fraud in the inception of and vitiating and nullifying the contract and destroying the cause of action. By that testimony he was seeking to prove and it was directed to proving that defense, and not that the general character of the plaintiff for chastity was bad and not that the damages recoverable by her should be diminished because thereof. If the jury believed it, their verdict would be in favor of the defendant; if they did not believe it, it could not either mitigate or enhance the damages. The defense which the defendant was attempting to establish was as free and legitimate to his hand as any other and its use subjected him to no burden or risk dissociated with any other. The fact that his proof did reach to the fact of character did not expose him to the

burden of meeting the direct and affirmative testimony of plaintiff's witness that the plaintiff's reputation for chastity was good and the hazard of his inability to answer such testimony. (*Johnson* v. *People*, 55 N. Y. 512; *Matthews* v. *Huntley*, 9 N. H. 146.) To hold that it did would not make for justice. Our conclusion is that the ruling of the court admitting the evidence in proof that the character of plaintiff for chastity was good was error. It may be that this conclusion is not in harmony with certain decisions of other courts (*Sprague* v. *Craig*, 51 Ill. 288; *Haymond* v. *Saucer*, 84 Ind. 3), and that it is in accord with certain other decisions. (*Leckey* v. *Bloser*, 24 Penn. St. 401; *Colburn* v. *Marble*, 196 Mass. 376.) It is based, however, upon the reasoning of this opinion.

There was error, also, in the ruling of the court admitting, under the objection of the defendant, the proof on the part of the plaintiff that the plaintiff left, under compulsion in which the defendant participated, the babe in the hospital at Montreal, at which she underwent her confinement. It permitted the plaintiff to thrust into the trial an issue foreign and impertinent to those framed by the pleadings and without the scope of the cause of action.

The judgment should be reversed and a new trial ordered, with costs to abide the event. ·

Cullen, Ch. J., Gray, Vann, Werner and Hiscock, JJ., concur; Haight, J., absent.

Judgment reversed, etc.