EDRA BRISACK, by Her Guardian ad Litem, FRANK A. TAYLOR, Respondent, *v.* L. GERALD KING, Appellant.

Third Department, December 28, 1921.

**Husband and wife — action for breach of promise of marriage — evidence of plaintiff's unchastity admissible — such evidence not barred by Code of Civil Procedure, § 536, because facts not set forth in answer.**

Where in an action for breach of promise of marriage the plaintiff seeks actual damages for injuries to her character, feelings and reputation, the defendant should be permitted to offer proof of the plaintiff's reputation for unchastity, and such proof is not barred because the facts are not set forth in the answer as required by section 536 of the Code of Civil Procedure, since it is not offered in mitigation of punitive damages but in disproof of actual damages claimed and proven by the plaintiff.

JOHN M. KELLOGG, P. J., dissents, in part, with memorandum.

APPEAL by the defendant, L. Gerald King, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Delaware on the 6th day of May, 1920, upon the verdict of a jury, and also from an order entered in said clerk's office on the 5th day of August, 1921, denying defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*E. D. Cumming* [*Hinman, Howard & Kattell* and *Harvey D. Hinman* of counsel], for the appellant.

*F. W. Youmans* [*C. E. Scott* of counsel], for the respondent.

H. T. KELLOGG, J.:

This is an appeal from a judgment entered upon a verdict rendered in favor of the plaintiff in an action brought by her against the defendant for the breach of a promise of marriage. The plaintiff gave proof upon the trial that the parties entered into a contract of marriage; that thereafter they had sexual intercourse; that as a result a child was born to the plaintiff; that the defendant was the father of the child. The defendant gave proof that he never promised to marry the plaintiff; that he had no sexual intercourse with her, and that the child born

to her was not his.    Counsel for the defendant called a witness to the stand, proved that he was familiar with the reputation of the plaintiff for chastity according to the speech of the people in the community where the plaintiff lived, and then asked the witness whether that reputation was good or bad. An objection made to the question by counsel for the plaintiff was sustained, and an exception to the ruling was taken by the defendant.    The propriety of this ruling is the sole question which need be considered upon this appeal.

In an action for the breach of a promise of marriage damages are recoverable for wounded feelings, anxiety of mind, injured pride and blighted affections.    (*Wells* v. *Padgett*, 8 Barb. 326; *Wade* v. *Kalbfleisch*, 58 N. Y. 282.)    The injuries may be greater in the case of a virtuous woman than of a lewd woman. (*McKane* v. *Howard*, 202 N. Y. 181.)    Consequently, the character of a woman wronged by the breach of a marriage promise constitutes an important element to be considered in estimating the damage done.    (*McKane* v. *Howard, supra.*) In case seduction, pregnancy and the birth of a child follow the promise loss of reputation may constitute an additional element.    (*Wells* v. *Padgett, supra;  Kniffen* v. *McConnell*, 30 N. Y. 285.)    It will be presumed that a woman possesses a virtuous character and a reputation for chastity.    (Wigm. Ev. § 75.)    Therefore, when she demands damages for the breach of a marriage promise and seduction she necessarily tenders the issue of character and reputation whether proof thereof is offered or not.    It was said by Wigmore: " The reputed character of the plaintiff in an action for breach of promise of marriage, or for indecent assault, or for malicious prosecution, is necessarily involved in the measurement of damages."    (Wigm. Ev. § 75.)    The courts of this State have in several instances declared that a defendant in a breach of promise case may offer evidence of the lascivious conduct of the plaintiff, and prove her reputation for unchastity. In *Johnston* v. *Caulkins* (1 Johns. Cas. 116, 117) it was said: " I am of opinion that, with a view to the question of damages, the defendant ought to have been permitted to show licentious conduct in the plaintiff, and her general character as to sobriety and virtue, without any limitation of time. The object of this action is not merely a compensation for the

immediate injury sustained, but damages for the loss of reputation. This must necessarily depend on the general conduct of the party subsequent to, as well as previous to the injury complained of, and the damages to be recovered, as in actions for defamation, ought to be regulated by all the circumstances of the case." In *Willard* v. *Stone* (7 Cow. 22) it was held that in an action for breach of promise of marriage, evidence of the indecent and lascivious conduct of the plaintiff was receivable. The same ruling was made in *Palmer* v. *Andrews* (7 Wend. 142). In *McKane* v. *Howard* (*supra*), which was an action to recover damages for the breach of a promise of marriage and the seduction of the plaintiff, the court, through COLLIN, J., said: "The law authorizes indemnity to the plaintiff for all the injuries the bad faith of the defendant has worked and deems a just part thereof the injury to her reputation or character and to her feelings. As to the measure of damages, the action has always been classed with actions of tort, as libel, slander, seduction, criminal conversation, etc. (*Thorn* v. *Knapp*, 42 N. Y. 474; *Johnston* v. *Caulkins*, 1 Johns. Cas. 116.) The general character of a plaintiff must be taken into consideration in estimating her damages. The jury might justly and with good sense find that the mental suffering or loss of character of a licentious or bad woman was less than that of a virtuous and good woman. The general character of the plaintiff was, therefore, a subject of proof on the part of the parties and of consideration on the part of the jury, and if the defendant did in and through the testimony adverted to give evidence in proof that the general character of the plaintiff for chastity was bad, the court ruled correctly in admitting the testimony of the witnesses of the plaintiff that it was good." In the case before us, not only did the plaintiff, by her general allegations of damages, tender the issue of character and reputation, but she expressly set forth that as a result of the seduction " she suffered great mental and physical pain and has incurred and will incur great expense in caring for herself and said child, and has been disgraced and held up to shame in the community where she resides and among her friends, associates and acquaintances as well as the public at large." It is self-evident that the damages sought to be recovered for injuries to character, feelings

and reputation, alleged both generally and specifically by the plaintiff, are actual damages. In denial thereof the defendant should have been permitted to offer proof of the plaintiff's reputation for unchastity, for otherwise she may receive payment for the loss of that which she never possessed.

The respondent asserts, however, that the evidence was not receivable by reason of the provisions of section 536 of the Code of Civil Procedure. That section, so far as material, reads as follows: "In an action to recover damages for the breach of a promise to marry, or for a personal injury, or an injury to property, the defendant may prove, at the trial, facts, not amounting to a total defense, tending to mitigate or otherwise reduce the plaintiff's damages, if they are set forth in the answer, either with or without one or more defenses to the entire cause of action." Evidence in mitigation of damages cannot be given unless the mitigating circumstances are pleaded. (*Bradner* v. *Faulkner,* 93 N. Y. 515.) The answer to the argument of the respondent is that the evidence offered was not in mitigation of punitive damages, but in disproof of actual damages claimed and proven by the plaintiff. If the argument of the plaintiff were valid then under the section in question in all actions for personal injuries where bodily or mental hurt were claimed, a defendant could not offer proof that the plaintiff was not injured as claimed unless he affirmatively set forth in his answer facts showing that she was not so injured. That the section does not apply to bar the proof offered in our case is well established by the reasoning and holding in the case of *Wandell* v. *Edwards* (25 Hun, 498). It is there said for the court by LEARNED, P. J.: "When the words ' in mitigation ' are used in cases other than those of slander and libel, I suppose that they still refer to such damages as are punitive or exemplary. In this sense I think the words are used in the Code of Civil Procedure. (Sec. 536.) Because, on a general denial, it always has been, and must necessarily be, proper to give evidence tending to reduce or mitigate (if that word is used) the actual damages suffered by a plaintiff. The language of that section is ' mitigate or otherwise reduce.' But the section certainly cannot mean that in actions for a personal injury the defendant must specially set up in his answer the circumstances which show that the plaintiff was

not injured as much as he claims.   *   *   *   What actual injury a plaintiff has received is a part of his proof, to be met by counterproof, without any special pleading." In that action the plaintiff sought to recover damages for the seduction of his daughter.   It was held that the trial court had committed an error in excluding proof offered by the defendant that the daughter of the plaintiff previously to the alleged seduction had had sexual intercourse with a man other than the defendant.   The case of *McKane* v. *Howard (supra)* is, also, an authority favorable to the appellant, for the general proposition is there laid down that evidence of bad character or reputation may be given by a defendant in an action for the breach of a promise of marriage, and the general statement is unqualified by any reference to the subject of pleading.   For all these reasons we think the trial court erred in refusing to receive the proof offered by the defendant.   A reversal must, accordingly, follow.

The judgment and order should be reversed and a new trial granted.

WOODWARD, COCHRANE and VAN KIRK, JJ., concur; JOHN M. KELLOGG, P. J., concurs in the result, with a memorandum.

JOHN M. KELLOGG, P. J. (concurring in result):

The plaintiff's character is presumed to be good.   If she relies upon the presumption, and makes no allegation of her character, I think if the defendant wishes to mitigate damages by proving her bad character that he must plead the mitigating circumstances under section 536 of the Code of Civil Procedure. I am not sure that compensatory damages cannot be mitigated. (*Gressman* v. *Morning Journal Assn.,* 197 N. Y. 474, 480; *Kiff* v. *Youmans,* 86 id. 330.)   But here the plaintiff has affirmatively alleged her good character, and under a general denial her bad character may be proved.  (*Lynch* v. *Figge,* 194 App. Div. 126.)   I concur in the result.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.