allowance before the judgment of divorce was entered upon defendant's default and with her apparent consent. All concur. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

ROBERT W. WALSH, an Infant, and Others, Appellants, v. EMMA DONAHUE, Respondent.— Judgment and order affirmed, with costs. All concur. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

LINUS R. WEIS, Appellant, v. LEWIS S. WEST and Another, Respondents.— Order reversed on the law in so far as it denies the motion to strike out the second and third separate defenses, and affirmed in so far as it denies the motion to strike out the first separate defense, without costs of this appeal to either party, and motion granted striking out separate defenses second and third. Per Curiam. The motion to strike out the second and third separate defenses should be granted on the ground that the allegations therein contained are but evidentiary matter relating to compensatory damages. The first separate defense is retained for the reason that, while not scientific pleading, it at least inferentially traverses some of the allegations of the complaint, and while the matter therein contained would be admissible without being pleaded (*McClelland* v. *Climax Hosiery Mills*, 252 N. Y. 347), it loses none of its efficacy by being pleaded as a separate defense. (*Morgan Munitions Supply Co., Inc.*, v. *Studebaker Corporation of America*, 226 N. Y. 94; *Brisack* v. *King*, 199 App. Div. 213.) All concur. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

ADRIANNA VANDE SANDE, as Administratrix, etc., of LEO VANDE SANDE, Deceased, Respondent, v. ROCHESTER POWER COMPANY, Appellant.— Judgment and order affirmed, with costs. All concur. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

ADRIANNA VANDE SANDE, Respondent, v. ROCHESTER POWER COMPANY, Appellant.— Judgment and order affirmed, with costs. All concur. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

ALFRED C. ERNEST, as General Guardian of MARY ELIZABETH ERNEST, Appellant, v. CHARLES H. BELL, Respondent.— Order affirmed, with ten dollars costs and disbursements. All concur. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

ALFRED C. ERNEST, as Administrator, etc., of ANTOINETTE ERNEST, Appellant, v. CHARLES H. BELL, Respondent.— Order affirmed, without costs of this appeal to either party. All concur. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

ALFRED C. ERNEST, as Administrator, etc., of HARRY L. ERNEST, Appellant, v. CHARLES H. BELL, Respondent.— Order affirmed, without costs of this appeal to either party. All concur. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

EMIL W. WEXLER, Appellant, v. ANDREW MAURER, Respondent, and Three Consolidated Actions.— Order modified by providing that Emil W. and Samuel Wexler shall be deemed plaintiffs and Andrew and Katherine Maurer defendants in the consolidated action, the claim of Katherine Maurer to be treated in the same way as though it were a counterclaim. The right of Emil and Samuel Wexler to be treated as plaintiffs as to all the claims involved rests on the earlier commencement of the actions in which they were plaintiffs taken in connection with the fact that they were the respondents at Special Term upon the motion to consolidate. As to Katherine Maurer, who joined with Andrew Maurer in the motion to consolidate,