Fowler
v.
Ætna Fire. Ins.
Co.

FOWLER AND OTHERS *against* THE ÆTNA FIRE INSURANCE COMPANY of the city of *New-York*.

ASSUMPSIT, on a policy of insurance against fire ; tried at the *New-York* circuit, *July 6th*, 1826, before EDWARDS, C. Judge.

The plaintiffs, at the trial, proved a policy executed by the defendants, on the stock in trade of the plaintiffs, consisting of, &c. contained in a two story frame house, *filled in with brick*, situate at No. 152, *Chatham* street, in the city of *New-York*. It appeared that the house No. 152, *Chatham* street, was burned, with the plaintiffs' stock in trade ; but that the house was a wooden building, *with hollow walls, and not filled in with brick*. That one of the conditions attached to the policy was, that if any person insuring any building or goods at the *Ætna* office, should describe the same otherwise than as they really were ; so that the same might be insured at less than the rate of premium specified in the printed proposals of the company, such insurance should be void and of no effect.

Evidence was given at the trial, on the question whether the plaintiffs had been guilty of fraud in procuring an over valuation of the goods destroyed ; and among other evidence, the judge allowed proof on the part of the plaintiffs, of their good character for integrity. This was objected to, and made one point of exception by the defendants.

The defendants insisted that the description of the goods, as being in a house *filled in with brick*, was a warranty which must be strictly complied with. The judge so considered it ; but he received evidence to shew that the wrong description was either a mistake of the plaintiffs, or of the agent of the defendants ; and charged the jury, that if the plaintiffs made no representation of the character of

In general, where a party is charged with a specific fraud in a civil action, his character is not in issue. The evidence of fraud cannot be repelled, therefore, by proving his general good character for integrity.

The case of *Ruan* v. *Perry*, (3 *Caines*, 120,) was an exception to this rule, being a charge of gross depravity and fraud upon circumstances merely.

The description of the property insured in a policy against loss by fire, is a warranty that the property is as described ; and if untrue in substance, the policy is void, though the misdescription arise from mistake ; and there be no fraud.

Thus, where a policy of this kind described the subject insured, as the stock in trade of the insured, contained in a two story frame house *filled in with brick*, No.

152, *Chatham* street ; the house No. 152 being a frame house *not filled in with brick ; held,* that the policy was void.

the property insured, but the agent of the company took it upon himself to describe it, the plaintiffs were not bound to answer for the error. That if the plaintiffs did make the description, but not fraudulently, for the purpose of getting insurance at a reduced rate, but through mistake, still they were entitled to recover.

The defendants' counsel excepted to the decisions and charge of the judge.

Verdict for the plaintiffs for $3042,80.

On the bill of exceptions,

*Talcott*, (*attorney general*,) for the defendants, now moved for a new trial. He insisted that the judge erred in admitting evidence of the plaintiffs' character. (4 *Esp. Rep.* 50. *Bull. N. P.* 296.)

The description of the premises in the policy was conclusive in a court of law. It amounted to an express warranty; and being written, controlled the printed clauses. The description was material to the risk. (*Phil. on In.* 125. *Whart. Dig.* 321, *pl.* 36. *id.* 329, *pl.* 118. 14 *Mass. Rep.* 106. *Peters' Rep.* 416. 1 *Dall.* 164.) A representation amounts to a warranty, if it appear to have been so intended by the parties. (2 *Caines*, 48. 2 *Bin.* 371, 2. 4 *Mass. Rep.* 337, 340. 3 *Dow*, 262.)

The warrantty being falsified, it was not material whether it was the result of fraud or mistake. In neither view, could the plaintiffs recover. (3 *Dow*, 255.)

*G. C. Bronson* and *H. Maxwell*, contra. It is well settled in this court, that good character may be given in evidence in answer to a charge of fraud. (3 *Caines*, 120.)

The surveyors of the insurance company generally describe the subject of insurance. If this be their business, the plaintiffs should not suffer for the inaccuracy.

The description is mere matter of representation, and not a warranty. The authorities cited on the other side, are of marine insurance, and do not apply. That description of insurance forms an exception in this respect. The present case must rest on general principles ; and

ALBANY,
Feb. 1827.

Fowler
v.
Ætna Fire Ins.
Co.

clearly, upon that foundation, this mere representation can not be considered a warranty. Marine policies are a peculiar class of contracts ; and their meaning was settled by judicial decisions. (1 *Burr.* 347.) These polices are generally effected on the representation of the assured ; (3 *Burr.* 1909 ;) and many times the subject is at too great distance to undergo the examination of the underwriter. If the clause in question is to be tested by ordinary rules, it is clearly no warranty. (1 *John.* 96. 4 *id.* 421. 20 *id.* 196.) The proposals show the meaning of the parties. They are, substantially, that misdescription shall not vitiate, unless it be fraudulent. Whether the description was intended as a warranty, was a question of intention, as in other cases of representation.

*Curia, per* SAVAGE, Ch. J. As to the evidence of character, it was said by this court, in *Ruan* v. *Perry,* (3 *Caines,* 120,) " that in actions of tort, and especially charging a defendant with gross depravity and fraud, upon circumstances merely, evidence of uniform integrity and good character, is oftentimes the only testimony which a defendant can oppose to suspicious circumstances." The rule in *England* is this : " that in a direct prosecution for a crime, such evidence is admissible ; but when the prosecution is not directly for the crime, but for the penalty, it is not." (*Attorney General* v. *Bowman,* 2 *B.* & *P.* 532, *note* (*a.*) That was an information against the defendant for keeping false weights, and for attempting to corrupt an officer. *Eyre,* Ch. Baron, said, " I cannot admit this evidence in a civil suit." If such evidence is admissible here, it will be proper in every case where unfair practices are alleged. A specific fraud is charged, that must be met upon its own merits, unless supported only by circumstances ; as in the case of *Ruan* v. *Perry,* where a naval officer was charged with gross fraud and collusion with a foreign officer, upon slight circumstances. If such evidence is proper, then a person may screen himself from the punishment due to fraudulent conduct, till his character becomes bad. Such a rule of evidence would be ex-

ALBANY,
Feb. 1827.

Fowler
v.
Ætna Fire Ins.
Co.

tremely dangerous.   Every man must be answerable for every improper act ; and the character of every transaction must be ascertained by its own circumstances, and not by the character of the parties.

I think it very immaterial as regards this action, whether the error in description arose from design or mistake. The question is, did this description amount to a warranty that the property answered the description ? The judge at the circuit so considered it ; and it was admitted on the argument, that if the principles of marine insurance are applicable to fire insurance, it is a warranty.   In the case of *Stetson* v. *Mass. Mutual Fire Ins. Co.* (4 *Mass. Rep.* 337,) *Sewall*, justice, lays down the law thus : " The estimate of the risk undertaken by an insurer must generally depend upon the description of it made by the insured or his agent.   A mistake or omission in his representation of the risk, whether wilful or accidental, if material to the risk insured, avoids the contract."   For this, he cites 1 *Marsh. on Ins.* 335, 339.   That writer states that a warranty being in the nature of a condition precedent, must be fulfilled by the insured, before performance can be enforced against the insurer ; and whether the thing warranted was material or not, whether the breach of it proceeded from fraud, negligence, misinformation, or any other cause, the consequence is the same. (1 *Marsh.* 347.)

In relation to the sale of personal property, it is held that a bill of parcels is not a warranty that the goods are what they are represented to be.   (2 *Caines*, 48, *and other cases down to the* 20 *John.* 198.)   But in relation to policies of insurance, it is held that a description of a vessel, is a warranty.   For instance, the description of a vessel as *Swedish*, is a warranty of her national character.   (*Phil. on Ins.* 125, *and the cases there cited.*   8 *John.* 237, 319.)   Several cases in 2 *H. Bl.* 574, &c. shew that the conditions attached to the policy are to be considered parcel of the instrument.

No cases have been produced, to shew that a description of property insured by a policy against fire, is to be

construed differently from a description in a marine policy. I can perceive no reason why there should be a difference. "Insurance," says lord *Mansfield*, " is a contract upon speculation." (3 *Burr.* 1909.) " The special facts upon which the contingent chance is to be computed, lie most commonly in the knowledge of the insured only ; the underwriter trusts to his representation," &c. He says the insured need not state what the insurer knows ; but the keeping back the true state of the property, is a fraud.

In this case, the plaintiffs ought to have known the true state and condition of their house, and have truly represented it. Not having done so, they fail in their action. The property burned is not the property insured.

This is not a case in which equities should be considered. It is a sort of gambling, a speculating upon chances ; and the parties must be held strictly and literally to their contract.

I think the judge misdirected the jury, and that a new trial should be granted.

New trial granted.