*Foot, J.
 

 (Dissenting.)
 
 — This action presents an important question; the facts on which it arises
 

 are these: — The appellants insured the respondents against loss by fire, on their tavern-house, barn and shed, and store, for five years, from March 12th, 1838; the fire occurred in August 1840. In the application, which is made, by agreement of the parties, a part of the policy, and in answer to a printed inquiry made by the appellants, how the buildings to be insured were bounded, and their distance from other buildings, if within ten rods, the respondents stated the nearest buildings on each side of the insured property, and on the north side, in the following words:
 
 “
 
 On the north, and about five rods distance is a shop, used, in the season of navigation of the canal, for manufacturing setting-poles.” Soon after the policy was executed, the respondents erected a large wooden barn, on the north side of the insured
 
 *452
 
 property, and between it and the shop mentioned, of which no notice was given to the appellants.
 

 The first inquiry is, whether the respondents, in their application, by their answer to the interrogatory respecting the situation of the insured property, clearly and distinctly declared, that the space between the insured property and the shop on the north was open, and unoccupied by any building. It appears manifestly to me, that they did, and as fully and distinctly as if they had declared it in so many words. Their declaration was, therefore, a warranty; for it is well settled, that in fire, as well as in marine policies, every clear and explicit declaration contained in the policy concerning the condition and description of the property insured, is a warranty by the insured, that such is its condition and description.
 
 (Fowler
 
 v.
 
 Ætna Fire Ins. Co.,
 
 6 Cow. 676, 677; s. c. 6 Wend. *274;
 
 Jennings
 
 v.
 
 Chenango County Mutual Ins. Co.,
 
 2 Denio 75;
 
 Wood
 
 v.
 
 Hartford Fire Ins. Co.,
 
 13 Conn. 544.)
 

 The next and important inquiry is, whether this warranty was a continuing one, and extended through the term of the policy. Were this a marine policy, there would be no doubt that the warranty was a continuing one; that principle was recognised as settled law, by Radcliee, J., and Benson, J., in the case of
 
 Vandenheuvel
 
 v.
 
 United States Ins. Co.
 
 (2 Johns. Cas. 129, 451), and has never been disputed, so far as I am informed. Mr. Duer also, in his valuable and learned treatise, states it as a clear proposition. (2 Duer on Ins. 700.) Then, does it apply to fire policies ? I see no reason, why it does not; on the contrary, every consideration which will sustain the principle in its application to marine'policies and risks, will uphold and enforce it, when applied to fire policies and risks. Ch. J. Savage has taken this view of the subject, in delivering the judgment of the supreme court in the case of
 
 Fowler
 
 v.
 
 Ætna Fire Ins. Co.
 
 (6 Cow. 676-77), and all which seems to be necessary is, to ex
 
 *453
 
 press my concurrence; he says — “No cases have been produced, to show that a description of property insured by a policy against fire, is to be construed differently from a description in a marine policy; I can perceive no reason why there should be a difference.”
 

 In regard to the alleged
 
 estoppel in pais,
 
 because the appellants assessed, and the respondents paid their’contributions to losses which occurred after the fire, in the present case, it is sufficient to say, that there is no proof that the appellants knew, when the assessments were made and received, that the barn in question had been erected. This is an affirmative fact, which the respondents should have proved to establish their estoppel; they not only did not prove it, but the appellants offered to prove the contrary. I think, the judgment should be reversed, and a new trial ordered.
 

 Judgment affirmed.