* Johnson, J.
The questions in this case arise q-79 i -* upon a bill of exceptions. The only point which it seems to me material to notice, is the ruling of the judge, that the description in the policy, of the premises containing the property insured, was not a warranty that the building was occupied as a storehouse only. The insurance was “ $2000 on plaintiffs’ stock as rope-manufacturers, their own or held by them in trust or on commission, contained in the brick building, with tin roof, occupied as a storehouse, situated on the northerly side of, and about forty-two feet distant from, their ropewalk, at Bushwick, L. I.”
I know of no principle of construction applicable to *372 written agreements, which will permit us to hold a stipulation not to be a warranty in a fire policy, which we should hold to be a warranty in a marine policy; none of the cases in this state deny the identity of the rule. Ever since Fowler v. Ætna Insurance Co. (6 Cow. 673, and 7 Wend. 270), it has been conceded, and in the latter case, is stated in terms. Sutherland, J., speaking of the earlier decision says: “ The well-established principle in marine insurance, that a warranty is in the nature of a condition precedent, and must be fulfilled or performed by the insured, before performance can be enforced against the insurer, we hold to be equally applicable to fire as to marine policies. We know of no case or principle which would authorize a different rule of construction in the one case, from that which the same terms had uniformly received in the other.” Since those cases, the contest has been, whether the warranties contained in the body *of policies have been complied with, and whether statements, not in the body of the *- [1] policy, but referred to in different ways, were thereby constituted warranties.
As to what constitutes a warranty in a contract of insurance, the rule is well stated by Sherman, J., in Wood v. Hartford Fire Insurance Co. (13 Conn. 544): "Any statement or description, on the face of the policy, which relates to the risk, is a warranty.” In the case before us, the identity of the building which contained the property insured was distinctly ascertained by other facts of the description, and the terms “occupied as a storehouse” are not only in themselves fitly chosen to express a fact relating to the risk, but cannot be regarded as employed for any other purpose. The warranty is, in terms, that the building was occupied as a storehouse. According to O’Neil v. Buffalo Insurance Co. (3 N. Y. 122), this relates to the date of the policy, and does not impose any obligation that such occupation should be continued during the continuance of the risk.
*373 In point of fact, at the time when the policy was executed, the building was occupied in part for the purpose of storing hemp, and in part for the purpose of preparing the hemp to be spun by machinery into ropeyarn, and of spinning it. • This was not occasional, but was the legitimate use to which the building was applied. It is contended on the part of the plaintiffs, that the warranty is complied with, because it was partly occupied as a storehouse, and that in order to make the warranty large enough to exclude another but partial use, negative words were necessary, as, for instance, occupied for a storehouse “only.” We think this position is not well founded. It would be strange indeed, if a term which, like “occupied,” is, in its own meaning, exclusive, needed any further qualification to give it effect. “ Occupied as a storehouse,” necessarily imports not occupied for any other purpose. None of the cases to which we are referred hold any different doctrine. Colby v. Baltimore Equitable Society (1 Harris & Gill 295) was not a case of warranty at all; the question was, whether, in the absence of any stipulation, the insured might repair his house and look to the insurers for any damage by fire happening in consequence of such repairs, notwithstand- * on a i *the change of risk thus produced; and the -* court held the insurers liable. In Burritt v. Saratoga Fire Co. (5 Hill 188), the insured was required by the conditions of insurance, to state the relative situation as to other buildings of the building insured, and its distance from each, if less than ten rods. He answered this, by mentioning five buildings as standing within less than ten rods; there was another building within ten rods; and Bronson, J., says: “I find it difficult to resist the conclusion, that the plaintiff has agreed that there were no other buildings within ten rods; I am strongly inclined to the opinion, that there was a warranty ;” but as the point was not necessary to the determination of the case, it was not decided.
*374 In Gates v. Madison County Insurance Co. (2 N. Y. 44), the inquiry was, “ how bounded — distance from other buildings, if less than ten rods?” The answer stated that such and such buildings were the nearest in different directions, but did not say that there were no others within ten rods. Jones, J., delivered the opinion of the court, that taking the inquiry and answer together, they were not to be understood as amounting to a warranty or affirmation that there were no other buildings within ten rods, but only that those named were the nearest, and upon that ground the judgment below (3 Barb. 73) was reversed. In this case, Burritt v. Saratoga Insurance Co. and Jennings v. Chenango Insurance Co. (2 Den. 75) were examined, and they were distinguished from the case then under discussion, upon the ground that the inquiry of the insurers in each case called for all buildings within ten rods, and also, that by the “ conditions of insurance,” any misrepresentation or concealment in the application should render the policy of no effect,” which, in effect, the judge says was equivalent to a warranty.
In Shaw v. Roberts (6 Ad. & E. 75), the description in the policy was, “ on a granary and a kiln for drying corn for use;” on one occasion, the owner allowed oak bark, accidentally wetted, to be dried in the kiln, gratuitously; the fire was caused by drying the bark. Lord Denman in pronouncing judgment, after mentioning Dobson v. Sotheby (1 Moo. & M. 90), to the same point, says — “ No clause in this policy amounts to *an ^ ^ express warranty that nothing but corn should *- ever be dried in the kiln.” In Dobson v. Sotheby, the premises required tarring, and a fire was lighted inside, and a tar-barrel brought into the building for that purpose ; by a servant’s negligence, the tar boiled over and fired the building. It was contended, that lighting a fire within the building, was a contravention of the terms of the policy, which required that no fire should be kept in *375 the buildings insured, and that the tar-barrel came within the term hazardous goods and so avoided the policy. Lord Tenterden held, that the provisions of the policy were to be understood as only forbidding the habitual use of fire, and the ordinary deposit of hazardous goods, not their introduction for a temporary purpose, connected with the occupation of the building.
Catlin v. Springfield Insurance Co. (1 Sumn. 434) holds, that the words “ at present occupied as a dwelling-house, but to be occupied hereafter as a tavern,” do not constitute a warranty that the house should, during the continuance of the risk, be constantly occupied as a tavern, and the insurers were held liable, though the house, at the time of the fire, had ceased to be occupied at all. In Billings v. Toland Insurance Co. (20 Conn. 139), the policy stated that “ all the above barns are used for hay, straw, grain unthrashed, stabling and shelter, including one used in part as a barn, and in part as a cider and threshing-mill.” On the day before the night of the fire, the plaintiff had put about two bushels of lime and six or eight pails of water in a tub, in one of the barns, for the purpose of preparing the lime to roll seed wheat in it. He had also been having.his house painted, and the painter had mixed his paints in the same room, and at the time of the fire, there were in it an oil-barrel, containing about a gallon of oil, a keg of white lead, and a pot with about a pint of mixed paint. It was claimed, that upon these facts, the warranty in the policy was broken, but the court charged the jury, that if the bam and cider-mill were only put to the common uses of such buildings, the policy remained in force; that a single act or so, which did not belong to the ordinary, common and appropriate use of the buildings, would not change their nature nor prevent a recovery, unless such acts * Q7fi i were fraudulent *or grossly careless, and if the ‘ -I latter were also the cause of the loss. The court hold that, at most, the expressions in the policy are a *376 warranty that the buildings were, when insured, such as they are described in the policy, and intimate a doubt, whether the language of the policy is not to be regarded as description merely and not warranty. On the other point of referring to Dobson v. Sotheby and Shaw v. Roberts, as sustaining the plaintiffs’ claim, they say that they are not called upon to examine whether they can be sustained on principle, because the acts done by the plaintiff were not a departure from the ordinary use of such buildings. Delonguemare v. Traders’ Insurance Co. (2 Hall 602) holds, that the description of the room alleged to have been misappropriated for a carpenter’s work-place, not being contained in the policy, does not amount to a warranty.
I have thus examined all the cases to which we have been referred as decisive that the expressions in this policy do not amount to a warranty that the building burned was occupied as a storehouse, and not otherwise, when the policy was effected, and not one of them even favors that view of the question. We entertain no doubt, that this is the true interpretation of the contract, and as the court below refused so to instruct the. jury, the judgment must be reversed, and a new trial ordered.

 On a second trial, the plaintiff was nonsuited. 3 Duer 264. The supreme court of Pennsylvania, however, has decided that the description of a building as a “ storehouse,” is not a warranty. Franklin Fire Insurance Co. v. Brock, 57 Penn. St. 74.