(7 Misc. Rep. 232.)

### ROLLINS v. GRIFFIN.

(City Court of New York, General Term. February 8, 1894.)

EVIDENCE—REPUTATION.

    Where the defense in an action for training defendant's colt is non-performance of the contract by plaintiff, it is error to admit testimony of plaintiff's general reputation as a trainer of horses, and as to his honesty in that respect.

Appeal from trial term.

Action by Walter C. Rollins against Matthew Griffin. From a judgment entered on a verdict in favor of plaintiff, defendant appeals. Reversed.

Argued before EHRLICH, C. J., and VAN WYCK and FITZSIMONS, JJ.

S. A. & D. J. Noyes, for appellant.
S. E. Duffy, for respondent.

VAN WYCK, J. The plaintiff sues to recover for the keep and training of the unnamed Spendthrift colt belonging to defendant. The defendant's contention was that it was further agreed that plaintiff was to enter and start the colt in races, and that he had violated his agreement to train and race the colt. The burden was upon plaintiff to show that he had kept and trained the colt, and the judge so charged; but, as there was a conflict in the evidence as to the contract to enter and start the colt in races, the judge charged that, "if the jury believed it was a part of the contract that this horse should have been put in races, that he might have evidenced his speed, and that, owing to the carelessness, negligence, or want of good faith on the part of the plaintiff, this was not done, he cannot recover." The plaintiff's case rested almost, if not entirely, upon his own testimony, and yet the verdict of the jury for him would not be disturbed, except for the admission, over defendant's objection and exception, of testimony to "plaintiff's general reputation as trainer of thoroughbred horses, and as to his honesty in that respect." Mr. Crickmore, the secretary of the Monmouth Park Association and the New York Jockey Club, was allowed to so testify against objection and exception. So, too, Mr. Kerwin, a gentleman who "had raced horses in Canada and all over;" Mr. Knapp, "an owner of race horses;" Mr. Robinson, who "owns racing stock;" and Mr. Hyland, "a trainer for twenty years of thoroughbred horses." The defendant did not by proof or offer of proof put plaintiff's character in issue by assailing his reputation as trainer of thoroughbred horses, or his honesty in that respect. The plaintiff's proof of performance of his contract to keep and train the colt, although uncontradicted, depended entirely upon his own testimony, while the fact whether he had been authorized to run the colt in races, and had negligently failed to do so, was in dispute; hence it was proper to submit the case to the jury. The uncontradicted testimony of the five witnesses as to plaintiff's unassailed reputation as a trainer of thoroughbred horses, and his honesty in that re-

spect, must have influenced the jury in his favor. The general rule of evidence in civil proceedings is that the character of a party is irrelevant except when the nature of the proceedings is such as to put the character in issue, and these exceptions usually arise in actions for breach of promise of marriage, libel and slander, and malicious prosecutions, etc.; but a mere charge of fraud does not put character in evidence in actions ex contractu, nor in actions ex delicto. Gough v. St. John, 16 Wend. 647; Fowler v. Insurance Co., 6 Cow. 673. In the former—an action on the case for a fraudulent representation—the defendant was allowed at trial to introduce evidence of his good character, and Cowen, J., writing, says: "Another conclusive ground for a new trial is the admission of testimony to good character." And Chief Justice Nelson, concurring, says: "I concur in the opinion that a new trial should be granted on the ground that the judge erred in the admission of evidence of the character of the defendant," and cites with approval the Fowler Case, supra, in which the charge was made by pleading and evidence that plaintiffs had been guilty of obtaining a fraudulent overvaluation of goods destroyed by fire, and they were allowed to introduce evidence of their good character for honesty, and the judge writing therein for reversal says: "If such evidence is proper, then a person may screen himself from the punishment due to fraudulent conduct till his character becomes bad. Such a rule of evidence would be extremely dangerous. Every man must be answerable for every improper act, and the character of every transaction must be ascertained by its own circumstances, and not by the character of the parties." The admission of the evidence as to plaintiff's general reputation as trainer of thoroughbred horses, and as to his honesty in that respect, was reversible error, and forces the reversal of the judgment and the granting of new trial, with costs to appellant to abide the event. All concur.