JENNIE E. NOONAN, Respondent, *v.* THOMAS C. LUTHER,
Appellant.

Assault and battery — when owner, or occupant, of premises
may use reasonable force to eject disorderly person therefrom —
evidence of intent to use reasonable force only — erroneous
admission of evidence of good character of plaintiff.

1. Where a domestic employed at a hotel, who had notified her
employer that she intended to leave, became involved in a dispute
with her employer about her wages, he had the right to order her
from the premises, and if, after having afforded her a reasonable
opportunity to leave, and while she was behaving in a disorderly
manner, she refused to go, he had the right to use reasonable force
to remove her.

2. In an action by the servant for assault · and battery, it was error to refuse to allow the employer to testify that he had no intent other than to remove her from the premises as quietly as possible, using only so much force as was necessary. Such evidence was competent both on the right of action and the amount of damages, although not conclusive.

3. Evidence of the general habits of a person is incompetent to prove how he acted on a particular occasion. Evidence that plaintiff "never went out nor drank anything" was improperly admitted. (*Zucker* v. *Whitridge*, 205 N. Y. 50, followed.)

*Noonan* v. *Luther*, 142 App. Div. 922, reversed.

(Argued June 14, 1912; decided June 29, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 7, 1911, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Nash Rockwood* and *L. B. McKelvey* for appellant. The refusal of the trial court to permit defendant to testify concerning his intent was fatal error, which deprived him of most important evidence bearing directly upon the main issue in the case. (*McKown* v. *Hunter*, 30 N. Y. 625; *Thurston* v. *Cornell*, 38 N. Y. 281; *Seymour* v. *Wilson*, 14 N. Y. 567; *Forbes* v. *Logan*, 17 N. Y. Super. Ct. 475; *Forbes* v. *Waller*, 25 N. Y. 430; *Mathews* v. *Poultney*, 33 Barb. 127; *Crooks* v. *Rindskoop*, 105 N. Y. 475; *Morris* v. *Wells*, 26 N. Y. S. R. 9; *Pope* v. *Hart*, 35 Barb. 630; *Fielder* v. *Darrin*, 50 N. Y. 437; *Bennett* v. *Smith*, 23 Hun, 60.)

*Joseph A. Kellogg* and *Walter H. Cogan* for respondent. Error was not committed by the refusal of the trial court to permit defendant to testify concerning his intent. (*Vaugh* v. *Fielding*, 48 N. Y. 681; *Ballard* v. *Lockwood*, 1 Daly, 158; *Vest* v. *Speakman*, 44 So. Rep. 1017; *Wiberg* v. *N. E. R. R. Co.*, 54 App. Div. 541; *Bar-*

*ton* v. *Govan*, 26 N. Y. S. R. 847; *Flanagan* v. *Mitchell*, 16 Daly, 223; *Post* v. *B. H. R. R. Co.*, 195 N. Y. 63; *Wade* v. *City of Mount Vernon*, 133 App. Div. 389; *Ashley* v. *Marshall*, 29 N. Y. 494; *Horn* v. *Pullman*, 72 N. Y. 269.)

CULLEN, Ch. J. The action was for assault and battery. The plaintiff was a domestic in the employ of the defendant, who kept a hotel at Saratoga lake. The plaintiff becoming dissatisfied with her employment determined to leave, and notified the defendant of her intention. When the plaintiff was about tô leave a dispute arose between her and the defendant over her wages, during which, as she testified, the defendant assaulted her without provocation with great severity. On the other hand the defendant testified that the plaintiff's behavior was so disorderly that he directed her to leave the hotel office, and upon her refusal he removed her therefrom without unnecessary force. Thus, it was undisputed at the trial that the defendant did apply some force to the plaintiff's person, but as to the extent of the force and the details of the occurrence, the parties were in irreconcilable conflict.

When the defendant was testifying he was asked this question: "Did you have any intention in placing your hands upon her as you did and pushing her as you did — did you have any other intention than to remove her from the premises as quietly as you could, using only such force as necessary?" On the objection of the plaintiff the evidence was excluded as immaterial, to which the defendant excepted. In some respects the form of this question was improper, but the objection taken was not to the form of the question, but to the materiality of the evidence. If objection had been made to the form, that could have been changed. We think the ruling of the trial court was erroneous and that the evidence was not only material, but that the question of the defendant's intent was of vital importance, not on the amount of

damages alone, but on the plaintiff's right of action. Defendant had the right to withdraw the license to the plaintiff to remain on his premises, and if, after having afforded her a reasonable opportunity to leave, or while she was behaving in a disorderly manner she refused to go, he had the right to use reasonable force to eject her. He could use that force only for one purpose and that was to remove her from the premises.   However violent her conduct may have been, he could not inflict violence to her person for punishment or through passion, but simply for the purpose of removing her.   Therefore, his intent in using force, which he conceded he used to some extent, was the first thing for him to establish in order to justify what would otherwise have been an assault.   True, his testimony on the subject would not have been conclusive, but it was competent.   (*McKown* v. *Hunter*, 30 N. Y. 625; *Thurston* v. *Cornell*, 38 id. 281.)

Further error was committed by permitting witnesses to testify to plaintiff's good habits, that "she never went out nor drank anything." When the defendant offered to prove occasions on which the plaintiff had drunk, and also his own good character, the evidence was excluded.   The credibility of neither party as a witness had been impeached, and the rule is clear "that the character of a party in a civil cause cannot be looked to as evidence that he did or did not do an act charged."   (1 Greenleaf on Evidence [16th ed.], p. 41; *Fowler* v. *Ætna Fire Ins. Co.*, 6 Cow. 673; *Pratt* v. *Andrews*, 4 N. Y. 493; *McKane* v. *Howard*, 202 N. Y. 181.)   Equally incompetent is evidence of the general habits of a person to prove how he acted on a particular occasion.   (*Zucker* v. *Whitridge*, 205 N. Y. 50.) Therefore, while the learned trial judge was right in excluding the evidence relating to this subject offered on behalf of the defendant, he was in error in admitting that on behalf of the plaintiff — an error, the effect of which was materially enhanced by the failure to apply the same rule to both parties.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

GRAY, HAIGHT, VANN, WERNER and COLLIN, JJ., concur; HISCOCK, J., absent.

Judgment reversed, etc.