C. I. T. CORPORATION, Plaintiff, v. ARCHIE DALEY, Defendant.

Supreme Court, New York County, April 11, 1932.

*Joseph G. Myerson* [*Matthias Cook* of counsel], for the plaintiff.

*Gross & Orseck*, for the defendant.

LEVY, J.   Plaintiff sues in a first cause of action on a promissory note and in a second for damages for deceit.   The allegations in the second cause which treat of damage limit it to the sum secured by a contract of conditional sale of an automobile.   The defenses are pleaded to the complaint as a whole and the denial in the answer is incorporated in the defenses without repetition (Rules Civ. Prac. rule 90).   The inference to be drawn from the complaint is that in the first cause of action plaintiff is suing as a holder in due course of a negotiable instrument.   The denial plus the new matter in the defense raises issues as to whether the instrument sued·upon in the first cause is actually a negotiable instrument and as to whether plaintiff is a holder in due course.   By making this motion plaintiff would appear to admit that it is not a holder in due course.   If either cause of action is bad, the motion must necessarily fail — for being in the nature of a demurrer, it searches the record.

The plaintiff in the second cause of action alleges the defendant made certain representations to one Bennett, of a type which, if false, could not be relied upon by Bennett for the reasons (1) that Bennett had delivered the car; (2) that defendant had paid Bennett a certain sum of money; (3) that the contract was binding as between Bennett and defendant.   Both defendant and Bennett knew that the contract was to be employed to obtain a loan for Bennett from plaintiff.   Assuming, without deciding, that the representations thus made to Bennett were also made to plaintiff and that the latter could rely on the first two, I cannot find that they are material, on the facts here disclosed.   The plaintiff owns this car, and it is wholly immaterial whether it is in defendant's possession or not, and whether defendant owes anything for the car.   Of course, the representation that the contract is binding is a mere conclusion of law.   The last-mentioned "representation" is alleged in the first cause of action to be true, for we must assume that 'the note by being made a part of a non-negotiable contract is not negotiable, and that plaintiff is not a holder in due course.   Therefore, if the note is binding, the contract is binding too, and *vice versa*.   If the contract is binding, there is no falsity.   If the

third representation is actionable and, therefore, of necessity false, then the note is not actionable and plaintiff's first cause must fail. A plaintiff may not plead inconsistent facts, although a defendant may; in fact, the latter may plead inconsistent defenses. If the first cause of action is good, then the third representation must be assumed to be true. The second cause of action could, however, be good, even if the third representation were not alleged. The damage, however, for the second cause is limited to the proposition that the third representation is false. So, if the third representation be false, the first cause of action fails, and if the third representation be true, the second cause of action fails, and as the defenses are to the complaint as a whole, they must be deemed good either to one or the other cause of action.

The motion is denied, with ten dollars costs.