FRANK McGOVERN, Respondent, *v.* CLARENCE J. WEIS, Appellant.

Fourth Department, January 6, 1943.

*Walter S. Forsyth* for appellant.

*A. Thorne Hills* for respondent.

DOWLING, J. This action was brought to recover damages for assault and battery and for negligence. The complaint alleged that the defendant, on April 12, 1941, about eleven fifty-five P. M., at the defendant's saloon and restaurant in Lockport, New York, "maliciously and wantonly assaulted the plaintiff by striking the plaintiff in such a manner as to knock him down upon the floor * * *" breaking plaintiff's right ankle and leg. For a second cause of action the complaint alleged, that the "defendant so negligently, carelessly and recklessly shoved, ran into, and pushed and struck the plaintiff as to cause the plaintiff to fall down upon the floor. * * * That the plaintiff's said injuries were caused solely by reason of the negligence

and carelessness of the defendant without any fault on the part of this plaintiff * * *." The complaint further alleged that the defendant was negligent in permitting large quantities of oil and peanut shells to accumulate on the floor where the plaintiff was standing when he was injured. The answer contained a general denial and an affirmative defense, in substance, that the defendant was the operator and in possession of the saloon and restaurant and that the plaintiff came into the same in an intoxicated condition and made a great noise and disturbance to the annoyance·of the patrons then in defendant's saloon; that the defendant requested the plaintiff to cease making noise and disturbance and to leave the premises which the plaintiff refused to do. " That thereupon defendant, in defense of the possession of his said place of business, gently laid a hand upon the plaintiff in order to remove him with no unnecessary force or violence, as he lawfully might. That the acts above mentioned are the same of which the plaintiff complains."

Upon the issues thus framed the parties went to trial. At the trial the plaintiff elected to stand on the assault count and the court dismissed the negligence count. The plaintiff had a verdict for $5,000 damages. From the judgment entered thereon and from the order denying the defendant's motion to set aside the verdict and for a new trial the defendant has appealed. The defendant seeks reversal on two grounds: (a) error in the charge and (b) the verdict is against the weight of the evidence.

The plaintiff testified, in substance, that he visited the defendant's grill at about seven-thirty on the night of the mishap; that he had some beer; that he left the grill shortly after eight P. M. and returned about nine P. M.; that he had more beer; that while he was sitting at a table, a friend of his named Curry came in; that Curry was under the influence of liquor and that he was not a welcome guest; that Curry invited him up to the bar to have a drink and that he accepted the invitation; that the bartender refused to serve Curry; that Curry protested; that the bartender called the defendant from the restaurant; that the defendant grabbed Curry " and rushed him out the door;" that he, plaintiff, said to the defendant " you hadn't ought to do that, you are liable to hurt him;" that thereupon the defendant grabbed him and twisted him around saying " What's it your business " and that he felt his ankle snap and the defendant.let go and he fell to the floor; that he did not fall on his right foot.

The witness Tracy, called by the plaintiff, testified, in substance, that he was present in the saloon; that the defendant grabbed the plaintiff, hit him and as he hit the plaintiff, the

plaintiff fell down; that he did not know whether the defendant struck the plaintiff; that he shook him; that he was pretty sure the defendant struck the plaintiff; that he had not mentioned that fact on the previous trial.

The witness Kratz, called by the plaintiff, testified, in substance, that he was standing beside the plaintiff at the bar; that the defendant told Curry to keep quiet and to go out; that Curry left and that there was no argument; that the defendant told the plaintiff to keep quiet; that the defendant placed his hand on the plaintiff's shoulder and that the plaintiff turned around and slipped and fell down; that he could see that the plaintiff's leg was broken; that the defendant helped him lift the plaintiff from the floor.

Dr. O'Brien, called by the plaintiff, testified as to the injuries suffered by the plaintiff and that plaintiff told him, when he took the history of the affair, that he had been hurt in an accident down at Weis's; that the plaintiff was not intoxicated.

The defendant testified, in substance, that the plaintiff had worked for him on and off for seven years; that he last worked for him in the summer of 1940; that he began as a dishwasher and rose to manager; that he had discharged the plaintiff at various times for drinking while on duty; that about midnight his manager called him saying that the plaintiff and Curry were making a lot of disturbance; that he saw that the plaintiff had had enough to drink and that he instructed the bartenders to serve him no more drinks; that he had not served Curry with drinks in two months; that he said to Curry, '' be a good fellow and go for a walk; '' that he then placed his hand very lightly on the plaintiff's shoulder and said, '' ' Chester, now you got all you want, now be a good fellow and go out, will you. You don't need no more to drink, that is all you are going to get.' And he looked at me and before I knew it the fellow had gone down and I looked at him a minute and he was sitting on his leg, on his foot I mean, this way, he was sitting on the foot; '' that he did not push, pull or strike the plaintiff.

Witnesses Milligan, Belair and Wertman, all disinterested, testified for the defendant, in substance: Milligan, that the plaintiff was kind of unruly; that he went from one end of the bar to the other end and from table to table '' spitting in your beer; '' that the plaintiff was intoxicated; that he did not see the accident. Belair, that he saw the plaintiff hanging on the bar talking loudly and demanding a drink; that Curry also demanded a drink and that the bartender refused to serve them; that the defendant asked Curry to leave; that the defendant approached

the plaintiff, talked low to him; that " I see him put his hand on his shoulder and talk to Mr. McGovern and Mr. McGovern turned around to look at him and he fell in a heap; * * * his legs didn't seem to turn and they went out from under him;" that the defendant did not grab the plaintiff by the lapel or strike him; that " you couldn't see any force to it. It just seemed to be a natural gesture to talk to him; * * * he just crumpled down, his legs seemed to give out on him and he went down;" that the plaintiff appeared to be intoxicated. Wertman, that he was standing near the plaintiff at the bar; that he saw the defendant place his hand on the plaintiff's shoulder; that " his legs kind of crossed and he kind of went down sitting on his legs, at least that was the position he was in when he was on the floor; " that the defendant told the plaintiff and another man that they would have to be quiet or go out.

There was no proof of any bad blood between the parties or that the defendant used any violent language towards the plaintiff. On the contrary the evidence indicates that the parties were on reasonably friendly terms. To constitute an actionable assault and battery the assault must have been unwarranted but it need not have been committed in anger. (*Johnson* v. *McConnel,* 15 Hun, 293, 295.) An intent to do the injury is not an ingredient of an action in negligence (*Williams* v. *Hays,* 143 N. Y. 442, 446), but intent is an essential element in an assault and battery action. (*Gage* v. *Bewley,* 160 N. Y. S. 1111, 1112; affd., 175 App. Div. 914; *Noonan* v. *Luther,* 206 N. Y. 105, 108.) The defendant had a right to terminate the plaintiff's privileges as a guest upon his becoming disorderly and upon his refusal to go, to use such force as was reasonably necessary to expel him. (*Scribner* v. *Beach,* 4 Den. 448, 450; *Noonan* v. *Luther, supra,* p. 108.)

The court charged the jury in part " In order for the plaintiff to recover there must have been an intent upon the part of Mr. Weis or an intent proven to pull him around, an intent perhaps not to harm him but at least to grab him vigorously and pull him around. * * * If he grabbed him and pushed him around and pulled him around, it would be an assault * * * and that the pulling around and so forth resulted in injury to McGovern." No exception was taken to this instruction and no request for an additional instruction was made. The court did not define the meaning of assault and battery to the jury. We think the charge, as a whole, left it to the jury to say whether the act complained of was unwarranted and intentional and we find no error in that respect.

The weight of the disinterested evidence indicates that the plaintiff slipped on the oily floor as he turned around to talk to the defendant and that he fell on his foot sustaining the injury complained of and that the defendant did not use sufficient force to cause the injury. The plaintiff's claim that the defendant grabbed him and turned him around with such violence as to break his ankle and leg is not supported by the evidence or by the allegations of the complaint.

The order and the judgment should be reversed on the law and facts and a new trial should be granted, with costs to the appellant to abide the event.

All concur. Present — CUNNINGHAM, TAYLOR, DOWLING, HARRIS and McCURN, JJ.

Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.