Heeferhah, J.
At about nine o ’clock in the evening of October 11,1947, a collision occurred on the State highway near Cobleskill between an automobile truck owned and operated by defendant Richtmyer and an automobile owned by defendant Carpenter and operated by Glenn W. Harris, her chauffeur.
At the time of the accident the plaintiffs, Mr. and Mrs. Beach, the latter a sister of Harris, were passengers in the Carpenter car as were also Ethel E. Morrison, the mother of Harris and a Mrs. Smith. As a result of the collision Harris and Mrs. Smith lost their lives and the other occupants of the car were seriously injured.
Thereafter these plaintiffs instituted actions against defendants Richtmyer, Carpenter and Wildove as administrator of the estate of Harris, for the recovery of the damages which they sustained on the theory that the operators of both vehicles were negligent.
The actions were tried together and the jury found a verdict in favor of Mrs. Beach in the sum of $20,000 against defendants Carpenter and Wildove as administrator and a verdict in her husband’s favor in the sum of $8,000, against the same defendants. The jury’s verdicts exonerated defendant Richtmyer.
From judgments entered on these verdicts and from orders denying their motions to vacate them defendants Carpenter and Wildove have come to this court.. The plaintiffs likewise have appealed from the judgments in favor of defendant Richtmyer and from orders denying their applications to vacate them.
So far as the appeals by plaintiffs from the judgments and orders in favor of defendant Richtmyer are concerned we can dispose of them in a single sentence. The finding of the jury is in accord with the overwhelming weight of the evidence and we would not be justified in disturbing it.
After a careful review of the record before us we cannot escape the conviction that the negligence of Harris is the sole cause of this tragic occurrence. Neither defendant contends otherwise and no claim is made by either of them that the plaintiffs were *468 at fault in any respect. It should also be noted that neither defendant asserts that the verdicts are excessive.
The interests of these two defendants are adverse.
Two points are urged by defendant Carpenter to be relieved of liability. She asserts that Harris had no permission, either express or implied, to use her car on the night of the accident and that the admission of evidence on behalf of defendant Wildove pertaining to the good character of Harris was prejudicial and constitutes reversible error.
Although defendant Wildove has appealed from the judgments against him in his representative capacity his brief is devoted to a justification of the good character evidence of his decedent and he is asking us to affirm both judgments and orders.
We now come to the only remaining questions in these cases — the contentions of defendant Carpenter. In her testimony she emphatically denied that her chauffeur had any authority to use her car on the night in question. She was a vitally interested witness. Her testimony is uncorroborated. Death has sealed the lips of Harris and he could not contradict her. Although uncontradicted her credibility was exclusively for the jury. The question before us is whether this defendant produced substantial evidence to rebut the statutory presumption that the car was in use with her consent. It would serve no useful purpose to discuss in detail the evidence relating to this question. There is ample evidence in this record from which the triers of the facts might conclude that Harris’ use of the car at the time of the accident was not unlawful. Either he had defendant’s permission to use it then, as he had frequently used it theretofore, or he was guilty of larceny. Defendant’s evidence, when read in connection with the other evidence in the case, and with all the surrounding circumstances, is not sufficient in law to destroy the presumption of responsibility.
Mr. Kniffen, a lawyer of repute in Schoharie County, and the president of a local bank, was sworn as a witness on behalf of plaintiffs. On his cross examination by counsel for defendant, Wildove, he was interrogated as to the general moral character of Harris. He was asked the following questions and made the following answers:
“ Q. You may answer this question yes or no. Did you know Ms general reputation from the speech of people in the community in wMch he resided as to his general moral character ?
“ A. Why, I would say that I did.
“ Q. And was it good or bad?
“ A. I would say that it was good.”
*469 Like testimony was given by the police justice of Cobleskill, by the pastor of the Methodist Church and by the Mayor of the village.
All this evidence was received over the objection and exception of defendant Carpenter.
In our opinion this evidence should have been excluded by the trial judge. The credibility of Harris had not been impeached. He was neither a party nor a witness and for obvious reasons could not be.
In civil actions the character or reputation of a party is not a proper subject of inquiry. The courts of this State are committed to the doctrine that evidence of the character or reputation of a party to a civil action, where character is not at issue, is generally irrelevant and inadmissible, (Fowler v. Aetna Fire Ins. Co., 6 Cow. 673; Gough v. St. John, 16 Wend. 646; McKane v. Howard, 202 N. Y. 181; Noonan v. Luther, 206 N. Y. 105; 20 Am. Jur., Evidence, § 319 and cases there cited; Richardson on Evidence [6th ed.], §§ 123, 124).
Mr. Ford in his excellent work on Evidence (Yol. 3, § 244-a) states the rule as follows: “ In a civil action the general rule is that evidence of character is inadmissible as a probative fact to show that a party did or did not do an act which is the subject of the issue.”
In 32 Corpus Juris Secundum (Evidence, § 423) it is said: “ As a general rule the character of a party to a civil action is not a proper subject of inquiry, for, while it is recognized that ground for an inference of some logically probative force as to whether or not a person did a certain act may be furnished by the fact that his character is such as might reasonably be expected to predispose him toward or against such an act, this consideration is outweighed by the practical objections to opening the door to this class of evidence.”
We may not say as a matter of law that the reception of this testimony did not prejudice the rights of defendant Carpenter. It is presumptively injurious. To justify this court in disregarding the erroneous admission of this evidence it is not enough to say that possibly the result would have been the same if the improper evidence had been excluded, nor even that it is probable that defendant sustained no injury by the error. It must appear that the evidence could not by any possibility have affected the result.
The plaintiffs had no part in the introduction of the incompetent testimony. It is unfortunate that they should suffer because of the act of one of the defendants.
*470 The judgments and orders in favor of defendant Richtmyer should be affirmed, without costs. The judgments and orders in favor of plaintiffs against the codefendants should be reversed on the law and new trials granted in each action, with costs to abide the event.
Foster, P. J., Brewster, Deyo and Santey, JJ., concur.
Judgments and orders in favor of defendant Richtmyer affirmed, without costs.
Judgments and orders in favor of plaintiffs against the codefendants reversed on the law and new trials granted in each action, with costs to abide the event.