MARGUERITE COCHRAN, as Committee of LEVEN COARD, an Incompetent, Plaintiff, *v.* WILLIAM WYER, as Trustee of LONG ISLAND RAIL ROAD COMPANY, Defendant.

Supreme Court, Special Term, Queens County, November 7, 1952.

*Irving C. Rosenkrantz* for plaintiff.

*Richard R. Bongartz* for defendant.

DALY, J. Plaintiff moves to strike out the first separate defense for legal insufficiency. Said defense reads: "On information and belief, that the complaint herein fails to state a cause of action."

In opposition to this motion, defendant argues that rule 109 of the Rules of Civil Practice authorizes the striking out of a defense for insufficiency only where the defense " consisting of new matter is insufficient in law." He points out that the defense under attack does not consist of new matter, but is a conclusion of law.

So far from being an argument against this motion, the above statement constitutes additional reason for striking the alleged defense. Section 261 of the Civil Practice Act provides that the answer must contain denials of facts alleged in the complaint or of knowledge or information thereof sufficient to form a belief and statements of new matter constituting a defense or counterclaim. There is no authority for alleging conclusions of law. Indeed such pleading is forbidden. (Civ. Prac. Act, § 241; *Kalmanash* v. *Smith,* 291 N. Y. 142.) Since the sufficiency of a complaint may always be tested at any time prior to trial by motion under rule 106 of the Rules of Civil Practice, there has never been any necessity for pleading its insufficiency as a defense.

Defendant argues, however, that if the complaint is defective, a motion to strike defenses will be denied. That is true. As was said in *New Amsterdam Cas. Co.* v. *National Union Fire Ins. Co.* (236 App. Div. 494, 495): " It is well settled that a bad answer is good enough for a bad complaint; also, that plaintiffs' attack upon the answer permits scrutiny of the complaint, and if such pleading is defective plaintiffs' motion addressed to the answer must be denied."

This rule of law results in the anomalous situation that a defense challenging the sufficiency of the complaint, while insuffi-

cient as a defense, nevertheless accomplishes its purpose of testing the sufficiency of the complaint.

The defendant claims that the complaint in this action for assault is deficient in three respects: (1) that the allegation respecting the assault is conclusory; (2) that there is no allegation that plaintiff's incompetent was lawfully on defendant's premises; and (3) that there is no allegation that the assault was committed intentionally.

The third objection is well taken. Intent " is an essential element in an assault and battery action." (*McGovern* v. *Weis*, 265 App. Div. 367, 370.) The complaint, therefore, is insufficient in this respect.

With respect to the manner of pleading the assault itself, in *Hendrix* v. *Manhattan Beach Development Co.* (181 App. Div. 111, 115) the court said: " The mere charge that the defendants assaulted the plaintiff is a conclusion and not a statement of facts sufficient to authorize a recovery for an actionable assault ".

In the instant case, it is alleged that plaintiff's incompetent " was assaulted and beaten ". The addition of the word " beaten ", which is equivalent to "struck ", might distinguish the present complaint from the *Hendrix* case (*supra*). (See, e.g., 2 Abbott's Forms of Pleading [3d ed.], form 1335, p. 1392; form 1343, p. 1398.) But since the complaint must be amended in any event to allege the willfulness of the assault, the allegations with respect to the assault itself may well be amplified.

With respect to the allegation of how plaintiff's incompetent happened to be on defendant's property, the cases cited by defendant dealt with negligence. (See *Fairchild* v. *Leo*, 149 App. Div. 31, upon which the cited cases were based.) In the law of negligence, the duty of the defendant to exercise reasonable care may vary with the capacity in which plaintiff is present on defendant's property. Willful assault, however, cannot be inflicted, even upon a trespasser, without justification. On the other hand, Abbott in footnote 26 to form 1343 suggests that where the complaint affirmatively shows that plaintiff was a trespasser, it would be well for him to allege that defendant used more force than was necessary to eject the plaintiff. While it cannot be said that it appears from the face of the complaint that plaintiff's incompetent was a trespasser, plaintiff may wish to amend the complaint in this respect also.

Under our present practice where, upon a motion to strike a defense for legal insufficiency, it appears that the complaint

itself fails to state a cause of action, the court may dismiss the complaint even in the absence of a cross motion for such relief. (Rules Civ. Prac., rule 109.)

Accordingly the complaint is dismissed, with leave to the plaintiff to serve an amended complaint within ten days after service of a copy of the order to be entered hereon. The motion to strike the first defense becomes academic.

Settle order.