Lloyd I. Herzka, J.
Motion by defendants to dismiss the complaint pursuant to rule 106 of the Rules of Civil Practice.
The complaint contains two causes of action, the first alleging that defendants withdrew from the corporation, and applied to their own use, funds in excess of those to which they were entitled, and the second, that the defendants improperly diverted corporate funds. On a prior motion in this action plaintiff moved under subdivision 6 of rule 109 of the Rules of Civil Practice to strike the defenses contained in defendants ’ answer as insufficient in law. The section provides that if a motion is made to strike a defense for legal insufficiency, and *175 it appears that the complaint itself fails to state a cause of action the court may dismiss the complaint even in the absence of a cross motion for such relief. In the brief submitted in opposition to the prior motion the defendants asked that its memorandum be considered as a cross motion to dismiss the complaint. The court did not dismiss the complaint but granted plaintiff’s motion to strike out the defenses contained in the answer, with leave to defendants to serve an amended answer; that motion was granted for failure to comply with section 262 of the Civil Practice Act requiring that partial defenses be expressly stated to be such.
There is presented, on the instant motion, the question whether the sufficiency of the complaint was upheld upon the determination of the motion to strike the defenses. A motion addressed to the sufficiency of the defenses contained in an answer searches the record and necessarily presents for determination the sufficiency of the complaint. (Baxter v. McDonnell, 154 N. Y. 432, 436; Cavanagh v. Hutcheson, 140 Misc. 178, affd. 236 App. Div. 794; Brand v. Gromet, 3 Misc 2d 991; Gordon v. Siegel, 125 N. Y. S. 2d 862.) Therefore, the court in passing upon such motion is called upon to determine the sufficiency of the complaint before it will consider the sufficiency of the defenses contained in the answer (Salimoff & Co. v. Standard Oil Co. of New York, 237 App. Div. 686, affd. 262 N. Y. 220).
In the instant case on the prior motion defendants in their brief particularly directed the court’s attention to the question of the sufficiency of the complaint. "Whether the defective matter sought to be stricken from the answer is of a technical or substantive nature, a dismissal of the complaint makes unnecessary a determination of the validity of the answer (Arista Oil Products Corp. v. Dutch American Mercantile Corp., 1 A D 2d 877; C. I. T. Corp. v. Daley, 143 Misc. 712; Garfinkel v. Pate, 66 N. Y. S. 2d 586; Cochran v. Wyer, 203 Misc. 890).
Accordingly it must be deemed that the sufficiency of the complaint in this action was presented for determination upon the prior motion and was upheld. This court will not disregard such determination (Feld v. Hanscom Baking Corp., N. Y. L. J., April 13, 1948, p. 1368, col. 6).
Aside from the order entered on the previous motion, it appears that the complaint upon its face states good causes of action. The reasons assigned by defendants in their memorandum for a dismissal of the complaint all relate to matters which even if accepted as true do not appear upon the face of the complaint. Facts regarding ratification, condonation and lack of authority, none of which are referred to in the language of *176 the complaint, are all matters which may be pleaded by way of separate defenses or which may be alleged in affidavits in support of a motion pursuant to rule 107. They may not be considered upon the present motion made under rule 106.
Motion to dismiss denied. Submit order.