Matthew J. Jaseh, J.
This is a motion to dismiss the complaint in an action for assault and battery on the ground it does not state facts sufficient to constitute a cause of action.
The defendant contends that the only statement in the complaint by which any factual situation whatever is presented is the allegation designed ‘ ‘ Third ’ ’. This paragraph reads as follows: “ That on or about July 1, 1956, on Amherst Street in the City of Buffalo, New York, the defendant assaulted, battered and beat plaintiff without any provocation or just cause. ’ ’
The defendant further contends that the complaint is defective in that the plaintiff did not allege any of the acts of the defendant constituting the alleged assault or that these acts were done willfully, intentionally or knowingly.
The plaintiff contends that by reading all the allegations and by examining the precise meaning of the words in the complaint, intent and willfulness are spelled out.
Innumerable cases hold that the assault must have been unwarranted and intentional. (McGovern v. Weis, 265 App. Div. 367; Noonan v. Luther, 206 N. Y. 105.) The defendant relies upon these cases, as well as Cochran v. Wyer (203 Misc. 890) and Gage v. Bewley (56 Misc. 103). This court agrees with these decisions but finds in none of said cases the use of the word “ battered ” as set forth in plaintiff’s complaint.
Webster’s New International Dictionary (2d ed., Unabridged) defines the word ‘ ‘ batter ” as “ To beat with successive blows ; to beat repeatedly and with violence * * * Figuratively, to keep on attacking, especially with force or violence ”.
The court finds, upon reading all the allegations in the complaint and the meaning of the words therein, that intent and willfulness are sufficiently alleged.
The motion to dismiss the complaint is denied.