Charles A. Loreto, J.
The complaint charges an assault committed by an employe in the course of his employment. The suit is against both employer and employee. On stipulation, the liability issue was tried first to the court without a jury, reserving for trial later the question of damages if liability is found.
*1009 It appears that on January 29, 1961 plaintiff purchased a used automobile from the corporate defendant. The individual defendant was the manager-salesman. Later on the day of the sale plaintiff incurred a $5 expense for a minor repair to the automobile. Immediately he sought to rescind the sale. Not having succeeded, he returned the next day, a Sunday, to the used car premises, which were closed for business, with the same purpose in mind. He knocked on the locked door of the office and was admitted by a bookkeeper then working on records. The latter informed him that nothing could be done about his complaint since the place was closed for business on Sunday and that he should come back on the following day. Plaintiff insisted he would stay there all day unless he was taken care of. The bookkeeper, unable to get rid of him, telephoned the manager at his home to report what was taking place. The manager promptly drove from his home to the office. Upon arrival he asked plaintiff what he wanted and learning from plaintiff his demand he too told him that he would have to return on the next day to see what adjustment could be made since the place was closed for business on Sunday. What took place from that moment on is sharply disputed.
The court believes that the credible evidence and the reasonable inferences that may be drawn from it support the finding that plaintiff refused to leave the office when first requested and the manager, believing that plaintiff would cause some disturbance unless his demand was then complied with, forcibly pushed him out of the doorway and quickly locked the door. The record fails to reveal the immediate necessity for the expulsion with such force as was used in order to remove him from the premises when he was no longer welcome to remain there. There was no showing that plaintiff was actually a disorderly person or aggressive (Noonan v. Luther, 206 N. Y. 105; McGovern v. Weis, 265 App. Div. 367, 370). Because of the push, the plaintiff tripped or fell down two steps to the ground injuring his left leg.
The court finds that the act of the employee was within the scope of his employment even though committed on a Sunday when the premises were closed for the usual conduct of business. Insofar as the defendant-employer seeks immunity claiming its establishment was closed for business, it relies upon a fragile reed. In what its employee did, the court is satisfied that he was motivated to do it in the interest of his employer so as to free the office of this obstinate customer. (See Sims v. Bergamo, 3 N Y 2d 531.)
*1010 There is nothing in the evidence adduced which the court accepts indicating that the employee’s conduct transported what was well within the line of duty and service owing to his employer and constitutes action which denoted the display and satisfaction of purely personal hatred, animus and vindictiveness. Of course, he was mistaken in having used the force he did in order to rid the premises of a stubborn and possibly objectionable customer where no imminent danger of damage to property or injury to person was shown.
The court concludes both defendants are answerable for the resulting injury to plaintiff’s leg. The proof as to damages will be taken before the court on a date in February, 1962, to be fixed by the attorneys with the court.