■ SELINA EPSTEIN, Respondent, v. ABRAHAM B. CUBA et al., Appellants.— In an action to recover half the proceeds of two joint savings bank accounts, against each defendant respectively as to one of said accounts, defendants appeal from a judgment of the Supreme Court, Nassau County, entered March 22, 1965 after a nonjury trial, in plaintiff's favor. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The questions of fact have not been considered. The trial court refused to allow either of the defendants (who are brothers) to testify as to his intent when creating his respective joint savings account naming plaintiff, his sister, as codepositor. The action was based upon subdivision 3 of former section 239 of the Banking Law. Under that statute and its successor (Banking Law, § 675), in an action such as this between living codepositors, as in one involving sums withdrawn during the codepositors' joint lives, such intent is the crucial issue to be resolved (Matter of Juedel, 280 N. Y. 37; Matter of Porianda, 256 N. Y. 423; Marrow v. Moskowitz, 255 N. Y. 219). As to the accounts in issue here, the statute gave rise to a presumption that the defendants' intent was donative, i.e., to vest in plaintiff an immediate interest as a joint owner. But that presumption was rebuttable by competent evidence to the contrary. While defendants' obvious interest may diminish the credit to be given their testimony, nevertheless it has long been the rule of this State that, whenever the intent or motive of a witness is a material issue in a cause, his testimony as to what that intent or motive was, while not conclusive, is competent and that it is

reversible error to exclude it (*People* v. *Levan*, 295 N. Y. 26; *Noonan* v. *Luther*, 206 N. Y. 105; Richardson, Evidence [9th ed.], § 384, subd. L; 2 Wigmore, Evidence [3d ed.], § 581). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.